The **BALTIMORE & OHIO RAILROAD COMPANY, Appellant,**

v.

Robert M. **CARRIER, Jr.,** and **Carrier Manufacturing Company, Appellees.**

Court of Appeals of Kentucky.

March 29, 1968.

---

2. He usually earned $200 per week as a painter.

3. No issue is raised on appeal as to the propriety of the instructions.

O. Grant Bruton, Louisville, for appellant.

Earl S. Wilson, E. F. Shaeffer, Jr., Lexington, for appellees.

DAN M. GRIFFITH, Special Commissioner.

The primary question presented by this appeal is whether the trial court abused its discretion in entering a default judgment against the appellant, pursuant to CR 37.05, upon appellant's failure to serve answers to interrogatories submitted to it under Rule 33. A secondary question is whether the ruling of the trial court excluding evidence offered by the appellant at the trial to determine the amount of damages to which the appellant was entitled was proper.

This appeal is taken from a judgment of the Jefferson Circuit Court awarding the appellees (hereinafter referred to as Carrier) $6,000 damages as the result of the destruction of a boat and trailer while in transit on the railroad of appellant, The Baltimore & Ohio Railroad Company. Since the filing of this case, R. M. Carrier died, and the case was carried on in the name of his executor. The boat and trailer were delivered for shipment to a railroad connecting with the appellant in Naples, Florida, for delivery to Jeffersonville, Indiana. Upon arrival of the property in Jef-

fersonville, Carrier discovered that a hole had been punched in the hull of the boat, and the boat and trailer were otherwise damaged. He refused to accept delivery. Carrier thereafter instituted this action for recovery of the value of the boat and trailer alleging that the damage thereto had occurred in transit and that the market value of the goods when delivered to the appellant was $6,000, but as a result of the damages, the goods had no substantial market value when delivered by appellant to Jeffersonville, Indiana.

The complaint was filed on December 12, 1963. In October 1964, the case was set for trial on motion of Carrier, and a trial date of June 15, 1965, was set. On May 15, 1965, Carrier served interrogatories upon the appellant. On May 28, 1965, the appellant served objections to the interrogatories, moved for an extension of time to answer the interrogatories, and also moved for a continuance of the trial date.

The trial court sustained the objections to the interrogatories in part, overruled the motion for the extension of time to answer the remainder of the interrogatories, and overruled the appellant's motion for the continuance of the trial.

The appellant's answers to Carrier's interrogatories were due June 14, 1965, one day prior to the date the case was set for trial. On the date of the trial, Carrier's counsel called upon the appellant to produce the answers to the interrogatories filed. No answers were forthcoming, and counsel for appellant announced not ready for trial.

The trial court then entered a default judgment against the appellant on the question of liability pursuant to CR 37.05, and assigned the case for trial before a jury on a later date to determine the amount of damages due Carrier.

At a jury trial on the issue of damages, a verdict was rendered for Carrier in the amount of $6,000 and a judgment propounded thereon.

On this appeal, Baltimore & Ohio Railroad Company urges two grounds for the reversal of the judgment: (1) It argues that the trial court abused its discretion in rendering the default judgment against it for its failure to answer the interrogatories, and (2) the trial court excluded competent evidence offered by the appellant by deposition at the trial on the question of damages. The Baltimore & Ohio Railroad Company further argues that, in any event, the trial court erred in not crediting the judgment with the bill of Baltimore & Ohio Railroad Company for transporting the boat and trailer to Jeffersonville, Indiana, from Florida.

The default judgment was entered against appellant pursuant to CR 37.05, which provides:

"If a party or an officer or managing agent of a party without good cause fails (1) to appear before the officer who is to take his deposition after being served with a proper notice, or (2) to serve answers to interrogatories submitted under Rule 33 after proper service of such interrogatories, the court on motion may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter judgment by default against that party."

This Rule was amended by order of this court dated October 19, 1962, to be effective April 1, 1963. The effect of the amendment was to substitute "without good cause" for the term "wilfully." Clay, Kentucky Practice, Cr 37.05, Comment 2.

Even as amended, however, the Rule envisions a consciousness and intentional failure to comply with the provisions thereof. Clay, Kentucky Practice, CR 37.-05, Comment 4. The effect of the invocation of this Rule is the imposition of what amounts to a penalty, since its invocation

results in the denial to a party of an opportunity to present his defense or prosecute his claim, as the case may be. The result is a harsh one, and the propriety of the invocation of the Rule must be examined in regard to the conduct of the party against whom it is invoked.

It might be here noted that courts and legal actions are not designed as instruments of play to be toyed with by condescending lawyers, nor are the Rules of Civil Procedure designed to foster delaying tactics with the resulting impositions of injustices in the form of repeated continuances of a trial brought about by a party's failure to comply, or the plain ignorance of the commandments of the Rules. The underlying concept of the Rules of Civil Procedure is that of providing litigants simple and speedy relief. In these times of great court congestion, the importance of being able to go forward with a case on the date that it is set for trial is magnified, inasmuch as many months, or even as much as a year, may elapse in some jurisdictions before an additional trial date can be secured.

Examining the facts of the case at bar to determine whether or not the trial court abused its discretion in entering a default judgment against the appellant rather than force Carrier to suffer further delay, it is observed that the trial court had overruled appellant's motion for extension of time to answer the interrogatories and for a continuance of the trial more than sixteen days prior to the date the answers were required to be submitted. Thus, the appellant refused to answer the interrogatories in the face of the trial court's ruling that answers were required, and that the appellant's advanced reasons for not answering them were insufficient. With these facts made crystal clear to the appellant and with the trial date set one day after the answers to the interrogatories were due, the appellant nevertheless refused to supply the required

information and announced not ready on the date set for the trial of this case, which trial date, it is observed, was in excess of one and one-half years after the complaint herein was filed and was some eight months after the motion to set for trial had been made. (It is true that on June 16, the day after the case had been set for trial, appellant submitted purported answers to the interrogatories; but the record shows that these were in poor and unacceptable form and did not comply with the clear provisions of the Rules.) If the Rules of Civil Procedure are to serve the purpose for which they are designed, they must be respected. We think, under these circumstances, the trial court did not abuse its discretion when it entered a default judgment against the appellant for appellant's failure to answer the interrogatories in the time required.

At the trial on the issue of the amount of damages that the appellant was entitled to receive, appellant offered the deposition of Herman K. LeCompte, taken on September 29, 1965, in Baltimore, Maryland. This gentleman purchased the boat and trailer in question when the appellant, Baltimore & Ohio Railroad Company, sold them after Carrier had refused delivery. The purchase of the boat by Mr. LeCompte was made on the 21st of October 1963, almost a year after the boat and trailer had been delivered to Jeffersonville, Indiana, for Carrier. The appellant attacks the trial court's ruling that the evidence of LeCompte in regard to the value of the boat was not admissible. This ruling was based upon the failure to show the boat was in the same condition when LeCompte examined it as when it was refused by appellee eighteen months before. Inasmuch as the testimony offered by appellant was in regard to the condition of the boat after a lapse of much time from the date of its delivery to Jeffersonville, Indiana, and since the integrity of the boat and trailer between the time of its delivery in Jeffersonville, Indiana, and the

time it was sold to LeCompte was not shown, we think the trial court's ruling that this evidence was inadmissible was correct. The court did admit the evidence of LeCompte on the amount he paid for the boat.

The appellant also argues that the trial court should have instructed the jury in regard to the appellant's right to credit for freight charges. With this argument we agree. On remand of this case, the trial court will credit the judgment with the freight bill.

We have also reviewed the appellant's contention that the trial court erred in circumscribing its right of pretrial discovery and find this argument is without merit.

The judgment is affirmed in part and reversed in part.

All concur.