**Jerry W. NALL, Ancillary Administrator of the Estate of Betty Lou Thrasher, deceased, Appellant,**

**v.**

**Dr. William L. WOOLFOLK, Appellee.**

Court of Appeals of Kentucky.

March 6, 1970.

Russell S. Armstrong, Evansville, Ind., George B. Baker, Jr., Rhoads & Baker, Henderson, for appellant.

Morton Holbrook, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellee.

OSBORNE, Judge.

■ The sole question presented upon this appeal is, did the circuit court abuse its discretion in dismissing the action from the docket for want of prosecution? We do not believe there was an abuse of discretion. This was a negligence action involving malpractice of a doctor. It was filed on June 24, 1964. The trial judge struck the action from the docket on January 31, 1967, on its own motion and pursuant to a local court rule which provided for the disposition of old cases on the docket. No motion was made to reinstate the case upon the docket until January 14, 1968. Objection was made to reinstating and the trial court conducted a hearing and made extensive findings before determining that the case should not be reinstated upon the docket.

The substance of the court's findings is as follows:

"This suit was filed more than one year after the performance of the operation. The suit was erroneously filed without the appointment of an administrator. This court granted relief from this error over the vigorous protests of the defendant. After the case had been at issue two and one-half years without any motion to set it for trial, the case was stricken from the docket under DCR 15, although leave was given to reinstate it on notice.

"More than five years have now lapsed since the alleged acts of negligence. Four years have intervened since the issues were joined, and three and one-half years have passed since the taking of discovery depositions. The plaintiff waited a year and a half after the striking of the case from the docket for want to prosecution before filing the present motion to reinstate."

■ The power of dismissal for want of prosecution is an inherent power in the courts and necessary to preserve the judicial process. This power exists independent of CR 41.02. City of Hazard v. Baker, Ky., 419 S.W.2d 535.

We recently passed upon this identical question arising out of the same court

and involving the same attorneys. See Hamilton v. Parker, rendered October 3, 1969. We see no distinction between the issue in that case and the one presented herein.

The judgment is affirmed.

All concur.