**William Lee GILL et al., Appellants,**

v.

**Frances L. GILL, Executrix of the Estate of W. M. Gill, Deceased, Appellee.**

Court of Appeals of Kentucky.

May 29, 1970.

---

Eugene H. Alvey, Louisville, M. L. Perkinson, LaGrange, for appellants.

George Williamson, Clark, Manby, Williamson & Smith, LaGrange, for appellee.

CLAY, Commissioner.

The single question involved on this appeal is whether the trial court abused its discretion in dismissing a civil proceeding for want of prosecution under CR 41.02.

Appellee, Frances L. Gill, is the personal representative of her husband, W. M. Gill, who died testate in May 1967. Appellants are four of W. M. Gill's natural children by a former marriage. Gill's will was admitted to probate on June 28, 1967, and final settlement was filed March 21,

1968. From the probate of this will appellants filed an appeal to the Oldham Circuit Court (under KRS 394.240) on July 12, 1968, alleging fraud, mental incompetency and undue influence. Appellee answered July 25. No further steps were taken in the case until April 22, 1969, when appellee moved to dismiss for want of prosecution. This motion was sustained May 13, 1969.

An affidavit was filed by appellants' counsel in which he stated that delay was caused by intense investigation of witnesses and public records of Jefferson and Oldham counties and by reason of his political activity for about two months prior to the primary in May 1969. Appellee's counsel filed an affidavit in which he asserted that the proceedings were initiated for the purpose of harassing appellee. It appears the estate involved is close to $100,000.

■■ The trial judge has inherent power to dismiss for want of prosecution. Nall v. Woolfolk, Ky., 451 S.W.2d 389 (1970). The reasons are well stated in Sweeney v. Anderson, C.C.A. 10, 129 F.2d 756 (1942). Unreasonable delay which harasses the defendant may constitute sufficient grounds under CR 41.02. See Clay, Ky.Prac., Rules of Civ.Proc.Ann., Rule 41.02, Comment 2. Our attention has been called to a number of cases wherein actions have been dismissed for failure to prosecute when the delay has ranged from 20 months to 12 years.

We have had two recent cases in this court upholding dismissals for want of prosecution. In Nall v. Woolfolk, Ky., 451 S.W.2d 389 (1970), four years had elapsed since the issues were joined and one and one-half years had elapsed since the case had been stricken from the docket. In Modern Heat. & Sup. Co. v. Ohio Bank Bldg. & Equip. Co., Ky., 451 S.W.2d 401 (1970), three and one-half years had elapsed since the filing of the suit and the plaintiff had been granted numerous extensions of time.

■ Each case must be considered in the light of the particular circumstances involved and length of time is not alone the test of diligence. 24 Am.Jur.2d, Dismissal, Discontinuance and Nonsuit, § 59 (page 50). Though it has been suggested that there was some obligation on the part of the defendant to bring the case to trial or other disposition, the law is to the contrary. 24 Am.Jur.2d, Dismissal, Discontinuance and Nonsuit, § 66 (page 57); 27 C.J.S. Dismissal and Nonsuit § 65(4) (page 452).

■ While we are extremely loath to find an abuse of discretion on the part of the trial court, in this case it seems to us that the dismissal was a rather harsh penalty to impose on the plaintiffs for the delay. This case involved a substantial estate and a proper trial would necessitate extensive preparation. While the political activities of plaintiffs' counsel could not excuse unreasonable delay, they may be considered along with the alleged necessity for thorough investigation of witnesses and public records.

The elapsed time between the filing of the answer by defendant and the motion to dismiss was nine months. We do not condone the lack of diligence on the part of plaintiffs' counsel, but in the light of his expressed intention to prosecute this action we believe justice required that the plaintiffs be given an opportunity to proceed. When the motion to dismiss was made, the court could then have assigned the case for trial and justifiably put the plaintiffs on terms.

■ It may be observed here that under § 371 of the Civil Code it was held that an action should not be dismissed for want of prosecution if it had not been put on the trial docket. Schwartz v. Chesapeake & O. Ry. Co., 181 Ky. 1, 203 S.W.2d 852 (1918); Furst v. Meek, 297 Ky. 509, 180 S.W.2d 410, 412 (1944). Though this qualification was not incorporated in CR 41.02, it is a matter to be considered.

As we have said before, we do not believe the circumstances in this case justified the harsh penalty imposed. We hold there was an abuse of discretion.

The judgment is reversed.

All concur.