**W. D. BENJAMIN, Appellant,**

v.

**NEAR EAST RUG COMPANY, INC., and Tadross Brothers, Appellees.**

Supreme Court of Kentucky.

March 26, 1976.

Michael R. McMahon, Louisville, for appellant.

William B. Cohen, Louisville, for appellees.

PER CURIAM.

Near East Rug Company, Inc., and Tadross Brothers filed separate actions against W. D. Benjamin in an effort to collect accounts due them. The actions were subsequently consolidated. Interrogatories were served upon Benjamin on October 8, 1973, by Near East and on August 19, 1974, by Tadross. Benjamin neglected to respond to the interrogatories and made no motion seeking a protective order or an extension of time within which to comply. On March 4, 1974, counsel for Benjamin had filed a statement in the record that he could not obtain Benjamin's answer because he was ill. Near East and Tadross made a motion on October 28, 1974, requesting that the answer of Benjamin be stricken and that a default judgment be entered against him for the amounts owing. The trial court granted the motion, struck the answer, and entered a default judgment.

Benjamin claims upon appeal that CR 37.04 is not applicable and that the ruling of the trial court is arbitrary, being without a finding that Benjamin's failure to answer was "without good cause."

CR 33.01 requires that interrogatories be answered within thirty days, while CR 37.04 provides that if answers are not served the trial court may strike the answer of the offending party and enter a default judgment.

While it is true that Benjamin made a motion for an extension of time on November 4, 1974, he had already lost his "rabbit's foot" by his unreasonable delay and apparent calculated disregard of the Civil Rules. A trial court has wide discretion in applying the penalties provided by CR 37.04, and unless there is a clear abuse of this discretion this court will not disturb the order of the trial court. Cf. *Naive v. Jones*, Ky., 353 S.W.2d 365 (1961).

The judgment is affirmed.

All concur.