Kelly M. WARD and James E. Ward, Jr., Appellants,

v.

Lloyd W. HOUSMAN, M.D. and Lloyd W. Housman, M.D., P.S.C., Appellees.

No. 89–CA–2033–MR.

Court of Appeals of Kentucky.

March 1, 1991.

As Modified on Rehearing June 7, 1991.

Theodore L. Mussler, Jr., Udell B. Levy, Louisville, for appellants.

Douglas A. McCann, Paducah, for appellees.

Before CLAYTON, HOWERTON and McDONALD, JJ.

McDONALD, Judge.

Originally this action was filed against Dr. Lloyd Housman for medical negligence. Kelly Ward alleged in her complaint:

[The] action and inaction which she alleges to have been negligent is multiple

surgeries that were not necessary and the failure of the Defendant (Appellee herein) to timely and appropriately refer the Plaintiff for consult and treatment for her lumbar disc injury.

After the issues were joined, a pretrial conference was ordered by the trial court on April 13, 1988, to be held August 14, 1989, and in a standardized pretrial conference order this warning was expressed:

Counsel are expected thoroughly to prepare for this pretrial conference, and strictly to observe all the requirements *of this pretrial order*, including time deadlines. Extensions of deadlines will be granted only upon motion and affidavit for good cause shown. It is hoped that sanctions to insure compliance with this order will not be required, but whatever sanctions are necessary will be imposed.[1] [Emphasis added.]

By a separate scheduling order, the case was assigned to trial by jury and pretrial discovery was scheduled. The trial date was set for September 5, 1989. Additionally, by October 31, 1988, Ward was to furnish expert witnesses' names with a summary of their opinions. No later than January 31, 1989, Ward was to complete her deposition evidence. By February 28, 1989, Housman was to reveal his expert witnesses with a summary for each and complete his deposition evidence by June 30, 1989.[2]

On July 24, 1989, untimely according to the court's order, Ward filed supplemental answers to interrogatories[3] which identified Dr. Terrell Mays as an expert witness. On August 8, 1989, Housman filed a motion to limit Ward's proof by excluding Mays' expert testimony. Housman so moved because of Wards' disregard of the scheduling order, and in the alternative, requested a continuance because Dr. Mays was "a surprise" expert. The doctor alleged

Mays' appearance in the case might require him to obtain a new expert.

The trial court ruled on August 11, 1989:

IT IS HEREBY ORDERED AND ADJUDGED that the Plaintiffs, Kelly M. Ward and James E. Ward, Jr., shall not be allowed to have testimony of any witnesses at the trial of this action who were not known to Defendant on October 31, 1988.

IT IS FURTHER ORDERED AND ADJUDGED that no evidentiary depositions shall be allowed at trial on behalf of the Plaintiffs unless they were taken prior to January 31, 1989.[4]

The Wards moved for reconsideration of the ruling because without expert testimony they could not maintain their claim beyond the directed verdict stage of the trial. *Johnson v. Vaughn*, Ky., 370 S.W.2d 591 (1963); *Jarboe v. Harting*, Ky., 397 S.W.2d 775 (1965); and *Morris v. Hoffman*, Ky. App., 551 S.W.2d 8 (1977). The motion for reconsideration was denied, and then subsequently, on September 6, 1989, a summary judgment dismissing the Wards' complaint was entered. This appeal followed.

The issue on appeal is whether, there being no claim of bad faith or any real claim of prejudice, it was proper for the trial court to strike indispensable witnesses merely because plaintiffs' counsel failed to comply with the court's schedule, cutting off discovery seven months before trial.

The dismissal of the Wards' cause of action was by summary judgment pursuant to CR 56. In applying CR 56.02 the trial court necessarily concluded that there was no genuine issue of material fact and that Housman was entitled to judgment on the facts as a matter of law. In reality, however, the case was dismissed for Wards' counsel's failure to timely supply the name of an expert witness. The dismissal by summary judgment for this reason causes us concern. We question the utilization of

---

1. Nowhere in this order are there any time deadlines or schedules to be adhered to.

2. *In this order, there is no mention of sanctions.*

3. The earlier interrogatory answer said no decision had yet been made as to an expert and counsel would seasonably supplement the answer.

4. Dr. Housman's deposition is the only deposi-

CR 56 for this purpose.[5]  *See Poe v. Rice*, Ky.App., 706 S.W.2d 5 (1986).

By overlaying the principles enunciated in *Paintsville Hospital Company v. Rose*, Ky., 683 S.W.2d 255 (1985),[6] upon facts herein, one readily concludes that a summary judgment was improper.  *Paintsville Hospital Company* pulls together the leading cases on summary judgments and gives the following advice for consideration by the trial court:

> The proper function for a summary judgment in a case of this nature "is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." *Roberson v. Lampton*, Ky., 516 S.W.2d 838, 840 (1974).  It is only proper where the movant shows that the adverse party could not prevail under any circumstances.  *Kaze v. Compton*, Ky., 283 S.W.2d 204 (1955).  Summary judgment is premature and should not be granted, "although the facts and evidence thus far developed do not establish the existence of a genuine issue of material fact, [where] neither do they establish the non-existence of such an issue." *Barton v. Gas Service Co., Inc.*, Ky., 423 S.W.2d 902, 904 (1968).  In short, it is not a substitute for trial, nor is it the functional equivalent of a motion for directed verdict.

*Paintsville Hospital Company, supra* at 256.

■ Keep in mind, the case at hand was not one where the dismissed party had no expert but was prevented from using the expert's testimony as a sanctioning technique for the dilatory conduct of the Wards' counsel.  CR 56, Summary Judgments, is not to be used as a sanctioning tool of the trial courts.

It is our conclusion that the dismissal was an involuntary dismissal under CR 41.-02(1) which provides:

> Involuntary dismissal.... For failure of the plaintiff to prosecute or to comply with these rules or *any order of the court*, a defendant may move for dismissal of an action or of any claim against him.  [Emphasis added.]

The trial court's summary judgment comes up short when applied to this rule because the appellee/defendant Housman did not move for a dismissal; he moved for the exclusion of testimony or alternatively for a continuance.  The result that he got was more than what he asked for.

■ But also, considering the overall merits of the matter, the ruling was improvident.  In ruling on a motion for involuntary dismissal, the trial court must take care in analyzing the circumstances and must justify the extreme action of depriving the parties of their trial.  *Scarborough v. Eubanks*, 747 F.2d 871 (3rd Cir.1984), gives a worthwhile guideline for analysis of these situations under Fed.R.Civ.P. 41(b), which is our counterpart rule on the federal side.  Considering whether a case should be dismissed for dilatory conduct of counsel, it would be well for our trial courts to consider the *Scarborough* case and these relevant factors:

> 1) the extent of the party's personal responsibility;
> 2) the history of dilatoriness;
> 3) whether the attorney's conduct was willful and in bad faith;
> 4) meritoriousness of the claim;
> 5) prejudice to the other party, and
> 6) alternative sanctions.

*Id.*, pp. 875–878.

Although CR 41.02(1) refers to dismissal of an action or a claim therein as the sole remedy for a violation of the rule, it is our

tion of record.

**5.** Although *Clark v. Johnston*, Ky., 492 S.W.2d 447 (1973), appears to approve of a dismissal of this nature under CR 56, the case is obviously a precedental misfit and should not carry any weight for this point.  The *Clark* case dealt with CR 26, not CR 56.

**6.** *Paintsville Hospital Company, supra,* was reaffirmed and even more strictly interpreted recently by our Supreme Court in *Steelvest, Inc., et al. v. Scansteel Service Center, Inc., et al.*, Ky., 807 S.W.2d 476 (1991).

conclusion that a sanction less than dismissal is also appropriate. Needless to say, the rule is subject to the sound discretion of the trial judge.

■ It is our opinion that the trial court abused its discretion if the dismissal is one under CR 41.02(1). By dismissing the complaint for a one-time dilatory act of counsel when no other alternative sanctions were considered, the trial court inappropriately applied the "death sentence" to this civil action.

We reverse the summary judgment. The trial court is directed to consider alternate sanctions under CR 41.02(1), consistent with the circumstances.

CLAYTON, J., concurs.

HOWERTON, J., dissents in a separate opinion.

HOWERTON, Judge, dissenting.

I respectfully disagree with the reasoning and the result of the majority opinion. Although the application of CR 56 and summary judgment may be technically incorrect, *Poe v. Rice*, Ky.App., 706 S.W.2d 5 (1986), the dismissal should still be affirmed. We generally affirm a correct result, even though it is based on a wrong reason. *Haddad v. Louisville Gas & Electric Co.*, Ky., 449 S.W.2d 916 (1969).

In this case, Judge Daniels set a trial date and put all parties on notice of a reasonable (generous) schedule for furnishing names of witnesses and taking proof or discovery by deposition. Counsel for the Wards did not come close to complying with the order. He was nine months late in naming a prospective expert witness to establish a claim of negligence against Dr. Housman. Even though a name was mentioned in the untimely response to Housman's interrogatories, the Wards apparently made no effort to depose their "expert."

Finally, on August 8, 1989, Housman moved to exclude any testimony by a Ward "expert." On August 11, the court granted the motion, which in essence killed the Wards' case. *Morris v. Hoffman*, Ky. App., 551 S.W.2d 8 (1977). The Wards' motion to reconsider was denied on September 6, and the summary judgment was entered.

The only real issue is whether the trial court's order of August 11 was an abuse of discretion. I believe it was not.

CR 37.02(2)(b) and (c) authorize a court to prohibit a disobedient party from introducing certain evidence and/or to dismiss the action. The Wards were very late, they did not seek any enlargement of time to take any proof until after Housman sought to limit their proof, and we fail to find any explanation for such tardiness.

While dismissals may be disfavored, rules of procedure and court orders do have a legitimate purpose. Of course the Wards are prejudiced by a dismissal, but Housman and the court were prejudiced by the inaction of the Wards. This was not mere tardiness; it was gross untimeliness.

The trial court had the power to take its action, the result dictated a dismissal, and call it whatever you want, dismissal was proper exercise of discretion. I would affirm.