**412**

**Clifford W. WRIGHT, Appellant,**

v.

**TRANSPORTATION CABINET**
**Commonwealth of Kentucky,**
**Appellee.**

No. 93–CA–02669–MR.

Court of Appeals of Kentucky.

Jan. 27, 1995.

Robert L. Heleringer, Louisville, for appellant.

W. David Shearer, Jr., P.S.C., Louisville, for appellee.

Before LESTER, C.J., and GARDNER and SCHRODER, JJ.

LESTER, Chief Judge.

This is an appeal from an order dismissing appellant's complaint appealing the action of appellee in suspending his driver's license. It should be noted that the order of dismissal was entered pursuant to CR 77.02(2) for want of prosecution.

On October 4, 1989, Clifford Wright was arrested for driving a motor vehicle while under the influence of intoxicants and he refused to take a breathalyzer test for which he could have his operator's license suspended. KRS 186.565. Following the statutory requirements, the appellee sent Wright a notice of entitlement to a hearing at his last address of record, namely, Seaforth Drive, Louisville. The document was returned to the Cabinet bearing an indication that appellant no longer was a resident at that location and that the post office was "unable to forward." Following suspension of the license, Wright filed a complaint on December 6, 1989, appealing the Cabinet's action to which answer was filed. Activity in the case first ceased on July 11, 1990, and so on June 3, 1991, the court notified appellant that pursuant to CR 77.02(2) his case was to be dismissed for want of prosecution. Wright responded to the notice and order and the court set aside its order on June 14, 1991, and allowed the matter to proceed. Again, no steps were taken so the court sent a second CR 77.02(2) notice in August, 1993, and Wright made a reply which resulted in a hearing. Appellant failed to convince the court of his position, and so the court found that there was no just cause for the delays and dismissed the complaint without prejudice.

Because the Cabinet mailed a suspension notice to Wright's correct address of Dawn Drive, Louisville, he argues that this relieves him from compliance with KRS 186.540 which requires that any license holder notify the Cabinet within ten days of any change of address. Since we believe the

statute to be mandatory, then any fault for appellant's failure to receive the notice for a hearing should be laid at his door step. His reluctance to comply with the law is carried over into his dilatoriness in following the rules by not timely prosecuting his appeal or, at the very least, to advise the court of efforts to negotiate a settlement of his dispute. Not only did the court give him a second chance to pursue his appeal, it granted him a hearing following the second notice to dismiss.

■ Dismissal pursuant to CR 77.02(2) is discretionary with the trial court, and we can hardly conclude that there was an abuse thereof when the first order was set aside and a hearing held on the second. After his first reprieve, the court waited over two years for Wright to pursue his case and he did nothing. We observe a letter from counsel for appellant to his counterpart representing the Cabinet dated July 17, 1991, suggesting settlement but nothing appears to have been done by way of an entry in the court record. We fully appreciate why the court finally dismissed the case without prejudice after waiting over two years between notices.

■ We view this cause from the standpoint of the discretionary invocation of CR 77.02(2), but we should point out, without so deciding, that in light of *Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977), and *Division of Drivers Licensing, Department of Vehicle Regulation, Transportation Cabinet v. Bergmann*, Ky., 740 S.W.2d 948 (1987), the absence of a pre-suspension hearing may not be violative of a licensee's constitutional rights.

The judgment is affirmed.

All concur.