William J. TOLER and Frances L. Toler, Appellants,

v.

RAPID AMERICAN; Anchor Packing; Metropolitan Life; Cardinal Insulation; and Garlock, Inc., Appellees.

No. 2004–CA–002281–MR.

Court of Appeals of Kentucky.

Feb. 10, 2006.

Kenneth L. Sales, Joseph D. Satterley, D. Matthew Kannady, Louisville, KY, for appellants.

Armer H. Mahan, Jr., Joseph P. Hummel, Louisville, KY, for appellee, Cardinal Industrial Insulation Company, Inc.

Before COMBS, Chief Judge; HENRY and SCHRODER, Judges.

*OPINION*

HENRY, Judge.

William and Frances Toler appeal from orders of the Jefferson Circuit Court dismissing their lawsuit for lack of prosecution pursuant to CR [1] 77.02 and CR 41.02. Upon review, we vacate and remand for further proceedings.

On October 30, 1997, the Tolers filed a complaint against a number of defendants alleging that William sustained injuries—specifically asbestosis—due to his occupational exposure to asbestos while employed as a pipefitter from 1962 to 1997. Among those defendants is Cardinal Industrial Insulation (hereinafter "Cardinal"), the party most particularly involved in the events leading to this appeal. The Tolers had difficulty effectuating service upon Cardinal, due—in part—to Cardinal's refusal to accept service of process. Cardinal eventually answered the Tolers' complaint in January 2002 following the filing of a motion for default judgment by the Tolers. This motion was ultimately denied in an

---

1. Kentucky Rules of Civil Procedure.

order dated December 20, 2001, and a trial scheduled for February 12, 2002 was continued by apparent agreement of the parties in an order dated January 28, 2002.

On May 20, 2004, the trial court notified the Tolers that their claims were set to be dismissed for lack of prosecution pursuant to CR 77.02, as nothing had been filed in the record since the original trial had been postponed more than two years before. Cardinal also filed its own motion to dismiss for lack of prosecution pursuant to CR 41.02. The Tolers argued in response that the Asbestos Administrative Judge had failed to reschedule the trial (as they claimed was required by the Jefferson Circuit Court's Asbestos Master Order), that their pursuit of the case had been hindered by the bankruptcy and dismissal of a number of the defendants, and that Cardinal had acted in bad faith in failing to accept service; they also filed a contemporaneous motion to set a new trial date.

On August 16, 2004, the trial court entered an order dismissing the Tolers' action and denying their motion to set a new trial date. The Tolers subsequently filed a motion to alter, amend, or vacate, but this motion was denied in an order dated October 14, 2004. In this order, the trial court set out more particularly the reasons for its decision to dismiss. Specifically, the court disagreed with the Tolers' argument as to the Asbestos Master Order and concluded that it "clearly allows for the parties to file a motion to advance the assignment of trial dates."[2] The court also noted that it was "unaware of any at-tempts by plaintiffs to contact the asbestos staff attorney or asbestos clerk to inquire why the case had not been rescheduled for trial." The court also found that all defendants who had filed for bankruptcy did so before the agreement to postpone the trial, and that those defendants who were dismissed from the action were dismissed prior to this same agreement. The trial court finally stated that while "Cardinal's refusal to accept service is the reason the trial was not held as scheduled in February 2002 ... it is plaintiffs' as well as defendants' inaction for over two years that caused this Court to dismiss the case." This appeal followed.

On appeal, the Tolers again argue that their claims were improperly dismissed by the trial court. They submit that they demonstrated good cause for delay as required by CR 77.02 by showing that they relied on the Jefferson Circuit Court's Asbestos Master Order in not moving for a trial date between January 2002 and May 2004. They further argue that dismissal pursuant to CR 41.02 was also improper as they were fully prepared for trial before the original trial date was postponed as a result of the service issues with Cardinal.

■ Given that the trial court's dismissal of the Tolers' action here was pursuant to both CR 77.02 and CR 41.02 and gives no indication that it was without prejudice, it effectively operates as a dismissal with prejudice and we shall consider it accordingly. *See* CR 41.02(3); *Commonwealth v. Hicks*, 869 S.W.2d 35, 38

---

**2.** Section II, A, 3 of the Order—to which both parties and the trial court cited—reads as follows:

> **Order of Assignment.** The Asbestos Administrative Judge shall consider all appropriate factors when determining the assignment of cases for trial. Generally, the oldest cases within their disease classification will be given the earliest available trial date, but other relevant factors such as occupation of the plaintiff will also be considered. Motions to advance or delay the assignment of particular cases will be heard by the Asbestos Administrative Judge.

The trial court found that the last sentence of this provision allowed the Tolers to file a motion for a trial date.

(Ky.1994). Dismissals for lack of prosecution pursuant to CR 41.02 and CR 77.02 are reviewed under an abuse of discretion standard. *See Midwest Mutual Insurance Co. v. Wireman,* 54 S.W.3d 177, 179 (Ky. App.2001); *Wright v. Transportation Cabinet,* 891 S.W.2d 412, 413 (Ky.App.1995). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton,* 125 S.W.3d 258, 272 (Ky.2004) (citations omitted); *see also Kuprion v. Fitzgerald,* 888 S.W.2d 679, 684 (Ky.1994). "The power of dismissal for want of prosecution is an inherent power in the courts and necessary to preserve the judicial process." *Nall v. Woolfolk,* 451 S.W.2d 389, 390 (Ky. 1970).

 However, with this said, dismissal of a case pursuant to CR 41.02 or CR 77.02 "should be resorted to only in the most extreme cases" and we must "carefully scrutinize the trial court's exercise of discretion in doing so." *Polk v. Wimsatt,* 689 S.W.2d 363, 364–65 (Ky.App.1985). The rule permitting a court to involuntarily dismiss an action "envisions a consciousness and intentional failure to comply with the provisions thereof." *Baltimore & Ohio Railroad Co. v. Carrier,* 426 S.W.2d 938, 940 (Ky.1968). Since the result is harsh, "the propriety of the invocation of the Rule must be examined in regard to the conduct of the party against whom it is invoked." *Id.* at 941. Moreover, it is incumbent on the trial court to consider each case "in light of the particular circumstances involved; length of time alone is not the test of diligence." *Gill v. Gill,* 455 S.W.2d 545, 546 (Ky.1970). In addition, the court should determine whether less drastic measures would remedy the situation, especially where there is no prejudice to the party requesting dismissal. *See Polk,* 689 S.W.2d at 364–65.

Further factors relevant to whether the court should dismiss an action with prejudice can be found in *Ward v. Housman,* 809 S.W.2d 717 (Ky.App.1991). In *Ward,* this Court adopted the guidelines set forth in *Scarborough v. Eubanks,* 747 F.2d 871 (3d Cir.1984) for determining whether a case should be dismissed for dilatory conduct under Rule 41(b) of the Federal Rules of Civil Procedure—the counterpart to our CR 41.02(1). We specifically held that the following factors should be considered: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. *Ward,* 809 S.W.2d at 719.

 As the trial court's decision to dismiss here appears to have been based almost exclusively on the Tolers' inaction from January 2002 to May 2004, we believe that the *Ward* factors are particularly relevant. Accordingly, we find ourselves hesitant to affirm or reverse the trial court because the record is unclear as to whether the *Ward* factors were properly considered or even considered at all. It instead reflects that the court's decision was based almost exclusively upon the fact that there was a two-and-a-half-year lack of activity. While such a fact must certainly be considered in determining whether to dismiss a case for lack of prosecution, it is not the only fact to be examined. *See Gill,* 455 S.W.2d at 546.

The responsibility to make such findings as are set forth in *Ward* before dismissing a case with prejudice falls solely upon the trial court. Accordingly, even though we understand and sympathize with the court's desire to move the cases on its docket along in a timely and expeditious manner, we find ourselves compelled to vacate its orders as to dismissal here and

to remand this action for further consideration in light of *Ward.* In doing so, we express no view as to whether dismissal with prejudice will ultimately be merited.

ALL CONCUR.