Brian JAROSZEWSKI; and
Amy Page–Jaroszewski,
Appellants,

v.

Charles F. FLEGE; and Karen
Jaroszewski, Appellees.

No. 2005–CA–002371–MR.

Court of Appeals of Kentucky.

Sept. 29, 2006.

Penny Unkraut Hendy, Ft. Mitchell, KY, for Appellants.

Jack S. Gatlin, Williamstown, KY, for Appellee Charles Flege.

C.A. Dudley Shanks, Louisville, KY, for Appellee Karen Jaroszewski.

Before ACREE, SCHRODER, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

Brian Jaroszewski and Amy Page–Jaroszewski appeal from the Grant Circuit Court's dismissal of their complaint for lack of prosecution. Because the circuit court failed to make the requisite findings, we vacate its order and remand for further proceedings.

Appellants filed a lawsuit in May 2001 arising out of an automobile accident that occurred in June 1999. On August 8, 2005, the circuit court dismissed their complaint, ordering as follows:

> [T]his matter is DISMISSED pursuant to the provisions of CR 41.02. The Court believes that this is the very type of case anticipated by the Rule in which there has been almost a complete absence of effort to prosecute the case on behalf of Plaintiffs during the four (4) years since it was filed. The Court finds that no reasonable explanation has been shown by Plaintiffs for this almost complete failure to prosecute their case.

Thereafter, the circuit court denied appellants' motion to vacate its order, stating as follows:

> Although the Court may not have specifically addressed all the items to be considered in a failure to prosecute case, the general nature of the dilatory practice of this case, as even suggested by the Affidavit of Plaintiffs' Counsel herein, indicates that the Order to Dismiss was appropriate. In particular, the Court would note, from the Affidavit of Plaintiffs' counsel, that after the depositions of the Plaintiffs on February 27, 2004, other than telephone conferences and some suggestion of mediation proposed by attorney for the Defendants, and discovery propounded to Plaintiffs by Defendants, and even though Plaintiffs' counsel indicates that they were taking actions to deal with various issues, there is *no* affirmative action reflected by the file or by the affidavit of Plaintiffs' attorney that made any real progress toward moving this matter forward. Reviewing the file once again on this motion, this Court cannot fathom

why this case has languished on the Court's docket for all these years. The only apparent explanation is a lack of interest on the part of the Plaintiffs themselves or on the part of out-of-state counsel or both. For those reasons, and the other reasons reflected by the record herein and Defendants' briefs, the Motion to Vacate must be DENIED. This appeal followed.

 Because dismissal for lack of prosecution pursuant to CR 41.02 is a harsh result, we reiterated in *Toler v. Rapid American*[1] that trial courts must "consider each case 'in light of the particular circumstances involved; length of time alone is not the test of diligence.'" On appeal, we review such a dismissal for abuse of discretion, i.e., "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[2]

In *Toler*,[3] we recognized the following *Ward v. Housman*[4] factors relevant to whether a trial court should dismiss an action for lack of prosecution:

(1) the extent of the party's personal responsibility;

(2) the history of dilatoriness;

(3) whether the attorney's conduct was willful and in bad faith;

(4) the meritoriousness of the claim;

(5) prejudice to the other party; and

(6) the availability of alternative sanctions.

As the *Toler* trial court's decision to dismiss was based "almost exclusively upon the fact that there was a two-and-a-half year lack of activity[,]" and the record was unclear as to whether the *Ward* factors were considered, we vacated and remanded that matter for further findings.[5]

Here, the circuit court dismissed the complaint because appellants failed to move the matter forward in four years. However, it is clear that the circuit court did not address the *Ward* factors, as it acknowledged that it "may not have specifically addressed all the items to be considered in a failure to prosecute case[.]" Accordingly, we must vacate the circuit court's order and remand for further consideration in light of *Ward* and *Toler*.

ALL CONCUR.

---

**1.** 190 S.W.3d 348, 351 (Ky.App.2006) (citing *Gill v. Gill*, 455 S.W.2d 545, 546 (Ky.1970)).

**2.** *Toler*, 190 S.W.3d at 351.

**3.** *Id.*

**4.** 809 S.W.2d 717, 719 (Ky.App.1991).

**5.** *Toler*, 190 S.W.3d at 351–52.