Ronald MANNING and Manning Family Trust, Appellants,

v.

Harvie WILKINSON and Stoll, Keenon & Park, A Partnership and Association of Attorneys, Appellees.

No. 2005–CA–002491–MR.

Court of Appeals of Kentucky.

Aug. 3, 2007.

Discretionary Review Denied by Supreme Court Oct. 15, 2008.

William A. Dykeman, Winchester, KY, for appellant.

K. Gregory Haynes, Deborah Patterson, Louisville, KY, for appellee.

Before DIXON, MOORE, and TAYLOR, Judges.

## OPINION

DIXON, Judge.

Appellants, Ronald Manning and the Manning Family Trust, appeal from an order of the Fayette Circuit Court dismissing their case under CR 77.02 for lack of prosecution. Appellants also appeal a 1996 order granting partial summary judgment in favor of Appellee, Harvie Wilkinson, and a 1998 order denying their motion for reconsideration. For the reasons stated herein, we affirm the order of dismissal, thus rendering all other issues moot.

In April 1994, Appellants filed a legal malpractice action in the Fayette Circuit Court against Appellees, attorney Harvie Wilkinson and the law firm of Stoll, Keenon & Park. The complaint asserted claims of conflict of interest and breach of ethical duties in conjunction with Appellants' purchase of a bloodstock package in 1990. Appellants had previously filed in the Fayette Circuit Court a 1990 lawsuit against Lexington veterinarian John Backer [1] and a 1993 lawsuit against First Security National Bank [2], both arising out of the same thoroughbred transaction.

In January 1995, Appellees moved for summary judgment claiming a lack of any evidence of wrongdoing as well as a statute of limitations defense. Following a March hearing, the trial court granted Appellants an additional ninety days to produce some evidence of wrongdoing by either Wilkinson or Stoll, Keenon & Park. On June 17, 1996, the trial court granted partial summary judgment and dismissed the complaint against Wilkinson. Appellants' motion for reconsideration was subsequently denied. On August 16, 1996, the trial court entered an order granting Appellants' request for additional time to disclose expert witnesses. The order directed compliance by September 13, 1996. However, the record reflects that Appellants neither filed their disclosure of experts nor took any further affirmative steps in this case.

In September 1999, the trial court entered the first of three show-cause orders. Appellants appeared and were given sixty days to proceed. Appellants thereafter moved to disqualify then-presiding Judge

---

1. *Manning Family Trust v. John W. Backer, et al.,* 90–CI–3506.

2. *Manning Family Trust v. First Security National Bank,* 93–CI–1774.

VanMeter based on his prior affiliation with Stoll, Keenon & Park. On January 4, 2001, Judge Noble was designated to preside over the action.

On January 8, 2003, Appellants were served with the second CR 77.02(2) notice to dismiss for lack of prosecution. Again, Appellants' counsel appeared at the show cause hearing and the action was not dismissed. Nevertheless, no further action was taken and on September 28, 2005, the trial court issued the third CR 77.02(2) notice.

During an October 28, 2005 hearing, Appellant's counsel was unable to provide any reason for the repeated failure to prosecute the claims in this matter other than asserting it was a complex case. As a result, the trial court dismissed the case without prejudice on November 4, 2005. Fourteen days later, Appellants filed a motion for reconsideration pursuant to CR 59[3] and CR 60. Attached to the motion was an affidavit from one of Appellants' attorneys, C. Gilmore Dutton III, which asserted for the first time that Appellants were "advised by the Court that this matter would proceed only after the *Manning Family Trust v. Chase*[4] litigation was concluded." The affidavit provided no details and no evidence of record as to when the court made such a ruling.

Dutton did not appear at the December 2, 2005, hearing on the motion. Another of Appellants' attorneys who was present conceded he had no personal knowledge of the affidavit, but informed the trial court that Dutton's professed understanding that the case was stayed resulted from a telephonic pretrial conference. However, as the trial court noted, there is no record of this telephonic conference and Appellees firmly deny any knowledge of such taking place. At the conclusion of the hearing, the trial court denied the motion for reconsideration. This appeal ensued.

While Appellants' brief focuses primarily on the propriety of the 1996 order granting partial summary judgment in favor of Wilkinson, we believe that the threshold question is whether the trial court acted within its discretion in dismissing Appellant's case pursuant to CR 77.02(2). We conclude that dismissal was proper, and we take this opportunity to clarify what we perceive to be a confusion between dismissals pursuant to CR 77.02 and those pursuant to CR 41.02.

■ There is no dispute herein that the trial court's *sua sponte* order of dismissal was pursuant to CR 77.02(2), which provides,

(2) At least once each year trial courts shall review all pending actions on their dockets. Notice shall be given to each attorney of record of every case in which no pretrial step has been taken within the last year, that the case will be dismissed in thirty days for want of prosecution except for good cause shown. The court shall enter an order dismissing without prejudice each case in which no answer or an insufficient answer to the notice is made.

CR 77.02 is commonly referred to as the "housekeeping rule," and is intended to expedite the removal of stale cases from the court's docket. *Hertz Commercial Leasing Corporation v. Joseph*, 641 S.W.2d 753 (Ky.App.1982). Under the plain language of the rule, the trial court is

---

3. As was noted in the hearing on the motion, Appellants' motion was untimely under CR 59, which required such motion to be filed within ten days.

4. This case is actually the *Manning Family Trust v. First Security National Bank*, 93–CI–1774 action. In 1991 Bank One acquired First Security National Bank & Trust. Bank One was subsequently acquired by Morgan/Chase.

required once a year to review its cases and dismiss those in which no pretrial steps have been taken in the preceding year unless good cause is shown. *See Bohannon v. Rutland,* 616 S.W.2d 46, 46 (Ky.1981). Notably, however, the rule provides that cases shall be dismissed "without prejudice."

CR 41.02, on the other hand, is triggered when a defendant moves for dismissal of a case because of the plaintiff's failure to prosecute. The rule provides,

(1) For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.

. . .

(3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this Rule, and any dismissal not provided for in Rule 41, other than a dismissal for lack of jurisdiction, for improper venue, for want of prosecution under Rule 77.02(2), or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Unlike CR 77.02, a dismissal under CR 41.02 is with prejudice as it "operates as an adjudication upon the merits." CR 41.02(3).

In *Ward v. Housman,* 809 S.W.2d 717 (Ky.App.1991), a panel of this Court addressed dismissals under CR 41.02. Therein, the trial court had granted summary judgment in favor of the appellees. On appeal, however, this Court determined that because the trial court had used summary judgment as a sanctioning tool against the appellants, the case should be treated as an involuntary dismissal under CR 41.02(1). In reversing the lower court, we noted,

In ruling on a motion for involuntary dismissal, the trial court must take care in analyzing the circumstances and must justify the extreme action of depriving

the parties of their trial. *Scarborough v. Eubanks,* 747 F.2d 871 (3rd Cir.1984), gives a worthwhile guideline for analysis of these situations under Fed.R.Civ.P. 41(b), which is our counterpart rule on the federal side. Considering whether a case should be dismissed for dilatory conduct of counsel, it would be well for our trial courts to consider the *Scarborough* case and these relevant factors:

1) the extent of the party's personal responsibility;

2) the history of dilatoriness;

3) whether the attorney's conduct was willful and in bad faith;

4) meritoriousness of the claim;

5) prejudice to the other party, and

6) alternative sanctions.

*Id.,* pp. 875–878.

Although CR 41.02(1) refers to dismissal of an action or a claim therein as the sole remedy for a violation of the rule, it is our conclusion that a sanction less than dismissal is also appropriate. Needless to say, the rule is subject to the sound discretion of the trial judge.

It is our opinion that the trial court abused its discretion if the dismissal is one under CR 41.02(1). By dismissing the complaint for a one-time dilatory act of counsel when no other alternative sanctions were considered, the trial court inappropriately applied the "death sentence" to this civil action.

*Ward, supra,* at 719–20.

Recently, another panel of this Court rendered the decision in *Toler v. Rapid American,* 190 S.W.3d 348 (Ky.App.2006), wherein we reiterated the trial court's obligation to consider the factors set forth in *Ward, supra,* before dismissing a case for lack of prosecution. *Toler* refers to dismissals under both CR 77.02 and CR 41.02. Notably, however, the opinion states, "Given that the trial court's dis-

missal of the Tolers' action here was pursuant to both CR 77.02 and CR 41.02 and gives no indication that it was without prejudice, it effectively operates as a dismissal with prejudice and we shall consider it accordingly." *Id.* at 351. The Court continues,

> Further factors relevant to whether the court should dismiss an action **with prejudice** can be found in *Ward v. Housman,* 809 S.W.2d 717 (Ky.App. 1991). In *Ward,* this Court adopted the guidelines set forth in *Scarborough v. Eubanks,* 747 F.2d 871 (3d Cir.1984) for determining whether a case should be dismissed for dilatory conduct under Rule 41(b) of the Federal Rules of Civil Procedure-the counterpart to our CR 41.02(1). We specifically held that the following factors should be considered: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. *Ward,* 809 S.W.2d at 719.
>
> . . .
>
> The responsibility to make such findings as are set forth in *Ward* before dismissing a case **with prejudice** falls solely upon the trial court. (Emphasis added.)

*Toler, supra.*

 Thus, although *Toler* speaks in terms of dismissals under both civil rules, the principles and rationale espoused in the opinion clearly apply to dismissals with prejudice. CR 41.02. Certainly, we would agree that the involuntary dismissal of a case with prejudice "should be resorted to only in the most extreme cases" and a reviewing court must "carefully scrutinize the trial court's exercise of discretion in doing so." *Polk v. Wimsatt,* 689 S.W.2d 363, 364–65 (Ky.App.1985) (Citations omitted). As a dismissal with prejudice de-

prives a litigant of the opportunity to pursue his or her claim, the trial is obligated to consider all relevant factors and lesser sanctions. *Ward, supra.*

We do not believe, however, that the same considerations necessarily precede a dismissal without prejudice under CR 77.02. As previously noted, the rule imposes annual housekeeping duties upon the trial court and requires only notice to the parties and a warning of dismissal except for good cause shown. CR 77.02(2). We further find it relevant that a CR 77.02 dismissal is a form order rather than an opinion and order.

 Dismissals for lack of prosecution pursuant to CR 41.02 and CR 77.02 are both reviewed under an abuse of discretion standard. *See Midwest Mutual Insurance Co. v. Wireman,* 54 S.W.3d 177, 179 (Ky.App.2001); *Wright v. Transportation Cabinet,* 891 S.W.2d 412, 413 (Ky.App. 1995). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton,* 125 S.W.3d 258, 272 (Ky.2004) (citations omitted); *see also Kuprion v. Fitzgerald,* 888 S.W.2d 679, 684 (Ky.1994). Nevertheless, "[t]he power of dismissal for want of prosecution is an inherent power in the courts and necessary to preserve the judicial process." *Nall v. Woolfolk,* 451 S.W.2d 389, 390 (Ky.1970).

 We conclude that CR 41.02 and CR 77.02 serve different functions and thus have different and distinct requirements. Further, the decisions in *Toler v. Rapid American, supra,* and *Ward v. Housman, supra,* were, in our opinion, intended to apply to involuntary dismissals under CR 41.02, not those initiated by the trial court in accordance to CR 77.02.

 That having been said, we cannot conclude that the trial court herein abused its broad discretion in dismissing Appel-

lants' case. The fact that the case may involve complex legal issues does not suffice to justify a complete failure by Appellants over the last ten years to develop their cause of action, especially after the issuance of three CR 77.02 notices. The trial court herein exercised an abundance of patience and this is precisely the type of case CR 77.02(2) was designed to address.

■ Appellants also challenge the trial court's 1996 order granting partial summary judgment in favor of Harvie Wilkinson. Appellees, however, urge this Court to adopt the rule followed by many state and federal courts that interlocutory orders do not merge with a final judgment dismissing an action for failure to prosecute. *Shannon v. General Electric Co.,* 186 F.3d 186 (2nd Cir.1999). *See John's Insulation, Inc. v. L. Addison and Associates, Inc.,* 156 F.3d 101, 105 (1st Cir.1998).

Because we have determined that dismissal of this case is proper, any prior rulings by the trial court, including the 1996 summary judgment are necessarily rendered moot. *Hughley v. Eaton Corporation,* 572 F.2d 556 (6th Cir.1978); *John's Insulation, supra. See also Vernon v. Great Western Bank,* 51 Cal.App.4th 1007, 59 Cal.Rptr.2d 350, 353–54 (1996) ("Because we have upheld the dismissal for failure to prosecute, a decision by us that the summary judgment adjudication motion was wrongly decided would accomplish nothing—the case would remain dismissed and the result would be Pyrrhic."). Accordingly, we decline to address the merits of Appellant's argument.

The Fayette Circuit Court's order dismissing the case herein is affirmed.

ALL CONCUR.