Jodi STAPLETON and Chad Stapleton, Appellants,

v.

Laura SHOWER, M.D.; and Maysville Obstetrics and Gynecology, Associates, Psc., Appellees.

No. 2007–CA–000213–MR.

Court of Appeals of Kentucky.

April 11, 2008.

Gordon J. Dill, Ashland, KY, for appellants.

Frank V. Benton, IV, Newport, KY, for appellees.

Before CAPERTON, LAMBERT, and THOMPSON, Judges.

THOMPSON, Judge.

On May 26, 2006, Jodi Stapleton and her husband, Chad, filed a *pro se* complaint alleging medical malpractice against Laura Shower, M.D., Maysville Obstetric and Gynecology Associates, PSC, and Meadowview Regional Center. After the Stapletons failed to timely respond to interrogatories and request for production of documents propounded by the appellees, the Mason Circuit Court dismissed the complaint.[1] Because the circuit court failed to make any findings in support of its dismissal pursuant to *Ward v. Housman*, 809 S.W.2d 717 (Ky.App.1991), we vacate the order and remand the case for further proceedings.

The discovery requests were served on the Stapletons on May 18, 2006. After they failed to timely respond, the Stapletons requested that the appellees extend the time up to and including July 28, 2006. The appellees agreed; however, no response was received by the agreed deadline. On September 21, 2006, the appellees filed a motion to dismiss the complaint. The motion was heard on December 6, 2006, and an order dismissing the complaint was entered on December 13, 2006. On December 22, 2006, the circuit court denied the Stapletons' motion to alter, amend or vacate the order.

The order dismissing the complaint simply recites:

---

1. Meadowview Regional Hospital was dismissed as a party on September 25, 2006, as a result of the Stapletons' failure to respond to its discovery requests. Meadowview is not a party to this appeal.

This matter having come before this Court on the motion of the Defendants, Laura Shower, MD, and Maysville Obstetric & Gynecology Associates, Inc., for dismissal of the plaintiff's complaint for lack of prosecution and failure to make discovery, and the Court being sufficiently advised;

**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs' complaint against Defendants, Laura Shower, MD and Maysville Obstetric & Gynecology Associates, Inc. is hereby dismissed with prejudice, and the Plaintiffs shall recover nothing from said Defendants.

Although the circuit court's order stated that it was premised on the Stapletons' failure to prosecute the action and the failure to timely respond to discovery requests, it made no further findings. Whether the court was invoking its authority pursuant to CR 37.02 and dismissed the complaint as a discovery sanction or its corresponding authority under CR 41.02 and dismissed the complaint for lack of prosecution, the result is the same. The order must be vacated and the case remanded for specific findings.

■ The circuit court has broad discretion when applying the "civil death penalty," i.e., dismissal with prejudice. *W.D. Benjamin v. Near East Rug Co., Inc.*, 535 S.W.2d 848 (Ky.1976). However, because it is a final termination of the litigation, it should be resorted to only in the "most extreme cases" and, when resorted to by the trial court, should be carefully scrutinized by an appellate court. *Polk v. Wimsatt*, 689 S.W.2d 363, 364–365 (Ky.App. 1985). As recently reiterated in *Toler v. Rapid American*, 190 S.W.3d 348, 351 (Ky. App.2006):

> The rule permitting a court to involuntarily dismiss an action "envisions a consciousness and intentional failure to comply with the provisions thereof." *Baltimore & Ohio Railroad Co. v. Car-*

*rier*, 426 S.W.2d 938, 940 (Ky.1968). Since the result is harsh, "the propriety of the invocation of the Rule must be examined in regard to the conduct of the party against whom it is invoked." *Id.* at 941. Moreover, it is incumbent on the trial court to consider each case "in light of the particular circumstances involved; length of time alone is not the test of diligence." *Gill v. Gill*, 455 S.W.2d 545, 546 (Ky.1970). In addition, the court should determine whether less drastic measures would remedy the situation, especially where there is no prejudice to the party requesting dismissal. *See Polk*, 689 S.W.2d at 364–65.

■ In *Toler*, the Court further emphasized that the trial court is to consider the factors set forth in *Ward*, 809 S.W.2d 717, when making a determination as to whether to order dismissal pursuant to CR 41.02. Those factors include: "(1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions." *Id.* at 351 (citing *Ward*, 809 S.W.2d at 719).

These same factors are equally relevant when dismissal is imposed as a sanction for failure to comply with discovery requests. In *Ward*, the fact underlying the basis for the dismissal was the plaintiff's failure to timely respond to a discovery request and, consequently, the identification of an expert witness. Thus, the law set forth in *Ward* and, as clarified in *Toler*, is controlling when the court considers the issue of involuntary dismissal with prejudice.

■ In the case now before this Court, there is absolutely no reference to any of the *Ward* factors. As such, it is virtually impossible for this court to determine whether the dismissal was based solely on a single dilatory act or whether the trial court made its determination after consid-

ering the relevant factors set forth in *Ward.* Our conclusion is in agreement with that reached in *Toler:*

> The responsibility to make such findings as are set forth in *Ward* before dismissing a case with prejudice falls solely upon the trial court. Accordingly, even though we understand and sympathize with the court's desire to move the cases on its docket along in a timely and expeditious manner, we find ourselves compelled to vacate its orders as to dismissal here and to remand this action for further consideration in light of *Ward.*

*Id.* at 351–352.

Based on the foregoing, we vacate the order of the Mason Circuit Court and remand for additional proceedings consistent with this opinion.

ALL CONCUR.