RENDERED: MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0198-MR

KIMBERLY ADKISSON                                          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 19-CI-005404

ADP PROPERTIES, LLC                                          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: Kimberly Adkisson ("Adkisson") appeals from the Jefferson

Circuit Court's order dismissing her case for failure to prosecute. Because the trial

court failed to make any findings of fact from which this Court can determine

whether it abused its discretion, we reverse and remand.

On September 3, 2019, Adkisson filed this action against ADP

Properties, LLC ("ADP") in Jefferson Circuit Court alleging damages due to mold

exposure in the property she rented from ADP. A month later, ADP filed an answer and propounded discovery requests which Adkisson responded to on February 6, 2020, following an order to compel. Four months passed and ADP filed another motion to compel, this time for Adkisson's deposition, and when Adkisson did not provide deposition dates, ADP filed a motion to dismiss for lack of prosecution on August 19, 2020. Adkisson provided the dates, and the motion was withdrawn.

ADP filed more discovery requests on December 30, 2020, and moved to compel Adkisson's response a little over a month later. This motion was withdrawn on March 1, 2021, when Adkisson answered the discovery requests. On August 17, 2021, ADP filed a renewed motion to dismiss for lack of prosecution due to Adkisson's failure to file "any discovery requests or pleadings" or "prosecute her case for nearly two (2) years." For whatever reason, Adkisson failed to respond to the motion to dismiss and the trial court granted the motion by signing a tendered order which read in its entirety:

On Motion of Defendant's Motion to Dismiss for Lack of Prosecution, and the Court being sufficient advised,

IT IS HEREBY ORDERED AND ADJUDGED that

1) Defendant, ADP Properties, LLC's, Motion to Dismiss be GRANTED.

2) The matter be DISMISSED with prejudice.

-2-

Adkisson filed a motion to alter, amend, or vacate the order of dismissal, arguing the trial court failed to make findings justifying its decision as required by *Jaroszewski v. Flege*, 297 S.W.3d 24 (Ky. 2009), and *Stapleton v. Shower*, 251 S.W.3d 341 (Ky. App. 2008). The court denied the motion and this appeal followed.

Under CR[1] 41.02, a defendant may move for dismissal of an action for three reasons: (1) plaintiff's failure to prosecute; (2) plaintiff's failure to comply with Kentucky Rules of Civil Procedure; and (3) plaintiff's failure to comply with any order of the court. *See Jones v. Pinter*, 642 S.W.3d 698, 701 (Ky. 2022). "[T]he trial court must base its decision to dismiss under CR 41.02 upon the totality of the circumstances[.]" *Jaroszewski*, 297 S.W.3d at 36.

In considering the totality of the circumstances, trial courts may consider "1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of the claim; 5) prejudice to the other party, and 6) alternative sanctions." *Ward v. Housman*, 809 S.W.2d 717, 719 (Ky. App. 1991) (citation omitted). Because CR 41.02 dismissal with prejudice is an extreme remedy, "we must carefully scrutinize the trial court's exercise of discretion when reviewing

---

[1] Kentucky Rules of Civil Procedure.

dismissal with prejudice under CR 41.02(1)." *Jones*, 642 S.W.3d at 701 (internal quotation marks and citation omitted).

Adkisson argues the trial court erred in failing to make any findings regarding its CR 41.02 dismissal with prejudice. We agree. "Trial courts must make explicit findings on the record so that the parties and appellate courts will be properly apprised of the basis for the trial court's rulings; and the appellate courts can assess whether the trial court properly considered the totality of the circumstances in dismissing the case." *Jaroszewski*, 297 S.W.3d at 36. Here, the trial court's single-paragraph order does not even reveal the basis of its decision to dismiss the case, much less whether its decision was based upon the totality of the circumstances. It is unclear whether the dismissal was because of Adkisson's failure to prosecute, failure to comply with a court order, failure to respond to the motion to dismiss, or a combination of such reasons.

We express no opinion as to whether dismissal with prejudice is warranted. Consideration of a motion to dismiss under CR 41.02(1) requires fact-specific determinations that are left to the sound discretion of the trial court. *Jones*, 642 S.W.3d at 701 (citation omitted). However, our case law is clear that "the trial court must base its decision to dismiss under CR 41.02 upon the totality of the circumstances; and it should take into account all relevant factors, whether

-4-

or not those factors are listed in *Ward.*" *Jaroszewski*, 297 S.W.3d at 36. Without findings, we cannot tell whether the trial court properly exercised its discretion.

Accordingly, the order of the Jefferson Circuit Court is reversed, and this case is remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael A. Landisman
Louisville, Kentucky

BRIEF FOR APPELLEE:

Perry A. Adanick
Louisville, Kentucky