CAPURSO v. JOHNSON.

Court of Appeals of Kentucky.
May 9, 1952.

 

MOREMEN, Justice.

The questions before us for decision concern the sufficiency of pleadings filed by appellant, Alexander Capurso, who was plaintiff in the circuit court. Appellant originally filed a petition in which several persons were named as parties defendant. This petition, in conformity with various rulings of the court, was amended three times. Later appellant filed a pleading styled "Amended and Substituted Petition," and we will discuss only the matters presented by it. While our Civil Code of Practice does not specifically authorize the nomenclature used, it has long been the practice for litigants to employ this designation and we interpret it to mean that the plaintiff desires to rely solely on the allegations made in the instrument.

The facts by which appellant attempted to state a cause of action are these: On July 13, 1948, appellant entered into a contract which granted to appellee, J. B. Johnson, a real estate agent, the exclusive right to sell, at auction, property owned by appellant for a sum not less than $30,000, which amount was later reduced to $28,000. Johnson was given the right to employ an auctioneer and he employed R. L. Garland. On July 22, 1948, the property was offered at public outcry and Marguerite Garland, wife of the auctioneer, was high bidder at $28,000. R. L. Garland signed the memorandum of purchase, as vendee, and tendered his check in the sum of $5,600 to J. B. Johnson as down payment on the property, which Johnson accepted. The check was worthless. Subsequently, J. B. Johnson advised Capurso that R. L. Garland had refused to complete the sale but that he, Johnson, had promised Garland that he would not turn his check over to appellant. Appellant received Garland's check endorsed without recourse about August 1, 1948. Thereafter, a meeting of all interested parties was had and this conference and the agreement reached were described in the amended and substituted petition with these words: "Plaintiff says that about the 5th day of August 1948, in a conference with plaintiff, his attorney, the defendant's attorney, William H. Smith, and R. L.

Clay & Rosenbaum, Lexington, for appellant.

Taylor G. Smith, William H. Smith, Eldon S. Dummitt, Lexington, for appellee.

Garland and his attorney, it was agreed that the said Garland would accept the property for $28,000 but plaintiff learned about the 23rd day of August 1948 that the said Garland was unable or unwilling to do so." Appellant learned that Garland was unable or unwilling to carry out the agreement made on August 5, 1948, and he informed attorney for appellee J. B. Johnson that "if Garland did not accept the property, defendant would have to buy it." Later demand was made upon Johnson to buy the property, which he refused to do. It was averred that Johnson, through his agents and employees, was negligent and careless and acted in violation of the rights of appellant and that upon a resale of the property the best price obtainable was $21,000, and damages were asked for said sum together with specially alleged damages.

Appellant insists that the court erred: (a) in striking certain language from the amended and substituted petition; (b) in sustaining demurrer to the amended and substituted petition; (c) in finding that the auctioneer acted as agent of appellant when he was in fact agent of appellee; and (d) in holding appellant ratified and accepted the contract signed by Garland.

It will not be necessary for us to pass upon the first contention because we have given consideration to all allegations of the amended and substituted petition.

■ We believe the decisive question is whether the sale to Garland was ratified by Capurso. If he did affirm the sale—the establishment of the relation of principal and agent at the time of the sale is not essential. In 2 Am.Jur., Agency, sec. 209, page 166, it is written:

"It is a well-established rule of law that if one, not assuming to act for himself, does an act for or in the name of another upon an assumption of authority to act as the agent of the latter, even though without any precedent authority whatever, if the person in whose name the act was performed subsequently ratifies or adopts what has been so done, the ratification relates back and supplies original authority to

do the act. In such cases, the principal, whether a corporation or an individual, is bound to the same extent as if the act had been done in the first instance by his previous authority; this is true whether the act is detrimental to the principal or to his advantage, whether it sounds in contract or tort, or whether the ratification is express or implied."

■ In the case at bar Garland undertook to sell the property for Capurso to himself, and his act was at least tinted with the color of agency. It is generally recognized that if an agent employs a subagent for his principal, and with his authority, express or implied, then the subagent is the agent of the principal and is directly responsible to the principal for his conduct. Here the contract provided: "The second party (Johnson) binds himself to employ an auctioneer, advertise in both local papers and on the radio, erect auction banners and do any and all things in a reasonable manner to get the most money at said auction." So, Garland had the right to conduct the auction regardless of whether he was the agent of Capurso or of Johnson.

When the meeting was had between the interested parties on the 5th day of August 1948, Capurso had before him all the facts. He could have, then and there, repudiated the whole transaction for he had the right so to do. This he did not do, but elected instead to agree "that the said Garland would accept the property for $28,000." This action was a manifestation of an affirmance by appellant of an unauthorized act of Garland at the time he sold the property to himself and, by it, he consented to a sale which he had the right to repudiate if he so desired.

We are of opinion, therefore, that the court properly sustained the demurrer to the amended and substituted petition.

The appellee filed a cross appeal in this case for the stated reason that he was not sure whether appellant intended to substitute the pleading styled "Amended and Substituted Petition," for the former petition and the three amendments thereto. In

view of the fact that we held the effect of filing an amended and substituted petition is to abandon previous allegations and pleadings, further discussion is not required. Therefore, the judgment is affirmed on both appeals.