**KINDRED NURSING CENTERS LIMITED PARTNERSHIP, d/b/a Harrodsburg Health Care Center; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare, Inc.; Kindred Healthcare Operating, Inc.; and Kindred Rehab Services, Inc., d/b/a Peoplefirst Rehabilitation, Appellants**

v.

**Jerry LEFFEW, Individually; and as Executor of the Estate of Louis Leffew, Deceased; and on Behalf of the Wrongful Death Beneficiaries of Louis Leffew, Appellee.**

No. 2011–CA–002067–MR.

Court of Appeals of Kentucky.

April 19, 2013.

Donald L. Miller, II, J. Peter Cassidy, III, Kristin M. Lomond, Louisville, KY, for appellants.

Richard E. Circeo, Robert E. Salyer, Lexington, KY, for appellee.

Before ACREE, Chief Judge; KELLER[1] and MOORE, Judges.

*OPINION*

ACREE, Chief Judge:

Kindred Nursing Centers, LP[2] appeals the Mercer Circuit Court's denial of its

---

1. Judge Michelle M. Keller concurred in this opinion prior to her appointment to the Ken- tucky Supreme Court. Release of this opin- ion was delayed by administrative handling.

2. We will refer to the appellants collectively

motion to compel arbitration. We agree with the circuit court that the arbitration agreement upon which Kindred Nursing Centers relies is not valid. We affirm.

## I. Background

In August 2009, Jerry Leffew and Yvonne Leffew were named emergency custodians of Louis Leffew, their father and husband, respectively. The basis of their appointment was the district court's finding that Louis was mentally incapable of caring for his daily needs. The district judge completed Kentucky Administrative Office of the Courts Form 748, entitled "Order For Emergency Appointment of Fiduciary" and checked the boxes which gave Jerry and Yvonne the authority to conduct Louis's affairs as follows: to determine his living arrangements, to consent to medical procedures, and to handle his financial responsibilities. The district court did not check boxes which would have given them power to dispose of Louis's property, to execute instruments on his behalf, or to enter into contractual relationships.

On September 28, 2009, Jerry and Yvonne admitted Louis to the Harrodsburg Health Care Center, a facility operated by Kindred Nursing Centers in Harrodsburg, Kentucky. They signed a number of admission documents as Louis's guardians, including a document entitled, "Alternative Dispute Resolution Agreement Between Resident and Facility." That agreement provided in relevant part that any dispute arising from Louis's stay at Harrodsburg Health Care Center would be resolved by mediation and, if mediation was unsuccessful, through binding arbitration.

Jerry also presented to nursing home administrators a handwritten document dated June 23, 2007. The document noted that Louis had been "locked up [on] June 19[,] 2007[,]" and provided as follows: "I[,] Louis Leffew[,] give Jerry Leffew power of attorney rights to get all papers and statements written papers [sic] concerning charges[.]" It was signed by Louis and notarized.

Subsequent to Louis's admission, the Cabinet for Health and Family Services was appointed Louis's permanent guardian. The Cabinet chose to keep Louis in the Harrodsburg Health Care Center. His residence was interrupted only by brief periods of hospitalization. Following each stay in the hospital, a representative of the Cabinet signed a document entitled "Readmission Agreement" which permitted Louis to once again take up residence in the nursing home. In signing each Readmission Agreement, the Cabinet representative "agree[d] to the terms of the original agreement, and as applicable, additional agreement terms referenced in paragraph 5.4 of the Admissions Agreement[.]"[3]

Louis died in March 2010, and Jerry, both individually and as executor of Louis's estate, filed suit on March 3, 2011, alleging the nursing home had negligently caused the death. Kindred Nursing Centers moved for dismissal or stay of the proceedings and requested an order compelling arbitration in accordance with the arbitration agreement.

The circuit court denied the motion, finding the agreement invalid because it was not executed by a person with the requisite authority. This appeal followed.[4]

---

as "Kindred Nursing Centers."

**3.** The Admissions Agreement was not made part of the circuit court record. This matter will be addressed further elsewhere in the opinion.

## II. Arguments on appeal

Before examining the substance of this appeal, it will be helpful to identify which arguments the appellant has presented and which it has not. Kindred Nursing Centers has not argued that the handwritten "power of attorney" document from 2007 conferred upon Jerry the authority to contractually bind his father to an arbitration agreement upon admission to the nursing home in 2009. Neither has Kindred Nursing Centers argued the August 2009 order of emergency guardianship conferred upon Jerry or Yvonne any such authority.

Instead, Kindred Nursing Centers has presented three arguments: (1) although Jerry and Yvonne did not have authority to enter into the arbitration agreement, the Cabinet's subsequent execution of re-admission documents, after having been named Louis's permanent guardian, constituted ratification of Jerry and Yvonne's actions upon admission, thereby binding Louis; (2) Jerry should be estopped, in accordance with Kentucky law, from asserting he had no authority to act, because the nursing home relied to its detriment on Louis's 2007 handwritten power of attorney document; and (3) even if Kentucky law does not permit Jerry's estoppel, the Federal Arbitration Act (FAA) permits estoppel of the estate even though Louis did not sign the arbitration agreement.

## III. Standard of review

■ "A written agreement to submit any existing controversy to arbitration or a provision in written contract to submit to arbitration any controversy thereafter arising between the parties is valid, en-forceable and irrevocable, save upon such grounds as exist at law for the revocation of any contract." Kentucky Revised Statutes (KRS) 417.050. Ordinary contract principles, then, determine the validity of arbitration agreements. A trial court's assessment of the validity of a contract is reviewed *de novo*. *Fischer v. Fischer*, 348 S.W.3d 582, 590 (Ky.2011). Since the only matter before us is the validity of the arbitration agreement, we owe the circuit court's decision no deference.

## IV. Discussion

### a. Ratification

■ Kindred Nursing Centers first argues the arbitration agreement is valid, even though Jerry and Yvonne lacked authority to execute it, because the Cabinet subsequently ratified it by signing Louis's readmission documents. We disagree.

■ Only a principal is permitted to retroactively sanction the unauthorized actions of an agent. "Under the doctrine of ratification, a *principal* may later approve the actions of an agent who acted without authority." 3 Am.Jur.2d *Agency* § 176 (2013)(emphasis added; footnote omitted). "Generally, ratification must be *by the person identified as the principal at the time of the original act* ... [.]" 3 Am.Jur.2d *Agency* § 177 (2013)(emphasis added; footnote omitted). Kentucky has adopted this understanding of ratification:

> It is a well-established rule of law that if one, not assuming to act for himself, does an act for or in the name of another upon an assumption of authority to act as the agent of the latter, even though without any precedent authority whatever, if *the person in whose name the act*

---

**4.** The interlocutory nature of an order to compel arbitration does not deprive us of jurisdiction. Kentucky Revised Statutes (KRS) 417.220(1)(a); *Padgett v. Steinbrecher*, 355 S.W.3d 457, 460 (Ky.App.2011) (citations omitted).

*was performed* subsequently ratifies or adopts what has been so done, the ratification relates back and supplies original authority to do the act.

*Capurso v. Johnson,* 248 S.W.2d 908, 910 (Ky.1952) (quoting 2 Am.Jur.2d *Agency* § 209 (2013); emphasis added).

In executing the arbitration agreement upon Louis's initial admission to the Harrodsburg Health Care Center, Jerry and Yvonne were attempting to act in Louis's name. Only Louis could subsequently ratify that action. Because he never regained competence, however, it was impossible for him to do so. *See* 3 Am.Jur.2d *Agency* § 9 (2013)("Any person who is sui juris and has capacity to affect his or her legal relationships by giving consent to a delegable act or transaction may authorize an agent to act for him or her ... [.]").

The Cabinet could not ratify the arbitration agreement because the Cabinet was not a principal; rather, it was a judicially appointed agent of Louis which possessed limited authority to act on his behalf. *See* KRS 387.065.

■■ This argument must also fail due to inadequate evidence of record. Although Kindred Nursing Centers presented to the circuit court copies of each of the Readmission Agreements executed by Cabinet representatives, these alone are insufficient because they purport only to adopt the terms of the initial Admission Agreement, which was not part of the record below.[5] As a result, there was no proof that adoption of the Admission Agreement constituted adoption of a separate docu-

ment, the arbitration agreement. Even if the Cabinet were capable of ratifying the arbitration agreement by executing the Readmission Agreements, Kindred Nursing Centers failed to present adequate proof that the Cabinet actually did so.

**b. Estoppel**

■ Kindred Nursing Centers next contends the *circuit court erroneously* declined to estop Jerry from disclaiming the arbitration agreement despite his alleged representations to nursing home administrators that he possessed the authority to execute it on behalf of his father. The means of representation Kindred Nursing Centers identifies is the 2007 "power of attorney" document which authorized Jerry to acquire written documentation concerning Louis's criminal charges.

■ To secure a finding of estoppel, the party claiming it must establish three elements:

> *(1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped;* and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Electric and Water Plant Bd. of City of Frankfort v. Suburban Acres Development, Inc.,* 513 S.W.2d 489, 491 (Ky.1974) (quotations and citations omitted; emphasis added).

---

5. Kindred Nursing Centers has attached the initial Admission Agreement to its brief as Item 5 of the appendix. We could not locate this document anywhere in the circuit court's record, and the copy in the brief does not bear the pagination of an item that was in the record below. It is inappropriate to include information in an appellate brief which was

not part of the record before the circuit court. Kentucky Rules of Civil Procedure 76.12(4)(c)(vii) ("materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs."). We will not consider evidence the circuit court had no opportunity to examine.

The circuit court correctly declined to apply the doctrine of estoppel as Kindred Nursing Centers requested because the appellant cannot claim to have met the first two elements. Jerry presented nursing home administrators with his purported source of authority for entering into the arbitration agreement, the power of attorney document.[6] Nursing home administrators therefore possessed, at a minimum, "the means of knowledge of the truth as to the facts in question," namely, whether Jerry possessed the requisite authority. Given that means of knowledge and the plainly limited scope of authority of the power of attorney, Kindred Nursing Centers cannot claim to have relied upon it in good faith for purposes of execution of the arbitration agreement.

 "[A] power of attorney is a form of agency." *Moore v. Scott,* 759 S.W.2d 827, 828 (Ky.App.1988); *see also* 3 Am.Jur.2d *Agency* § 21 (2013)("A power of attorney is an instrument ... by which one person, as principal, appoints another as his or her agent and confers upon the agent the authority to perform certain specified acts ... [.]"). The scope of an agent's authority is limited to that which the principal confers upon the agent, or that which is reasonable for the agent or third parties to believe the principal intended to confer. *Herfurth v. Horine,* 266 Ky. 19, 98 S.W.2d 21, 24 (1936) ("the principal is bound by the acts of the agent within the apparent scope of the authority conferred by him, and this even though the authority be actually limited, if the person dealing with the agent be ignorant of the limitation."); *see also* 3 Am.Jur.2d *Agency* § 69 (2013).

The power of attorney at issue here was very plainly limited: it empowered Jerry only to acquire documents related to Louis's 2007 criminal charges. Even a cursory examination of this document would alert nursing home administrators that it did not confer upon Jerry the authority to enter into the arbitration agreement. The circuit court properly declined to estop Jerry from disclaiming the arbitration agreement.

### c. The FAA and estoppel of Louis's estate

 Finally, the appellant contends Kentucky law must be preempted to the extent that it conflicts with the purposes of the FAA. We agree generally that that is the rule of federal preemption. *Wright v. General Elec. Co.,* 242 S.W.3d 674, 678 (Ky.App.2007). The only Kentucky law Kindred Nursing Centers has cited as possibly conflicting with the FAA can be found in KRS 417.200 and *Ally Cat, LLC v. Chauvin,* 274 S.W.3d 451 (Ky.2009). Both the statute and the opinion concern the subject matter jurisdiction of Kentucky courts to enforce an arbitration agreement. Subject matter jurisdiction is not at issue in the instant matter. Even if KRS 417.200 and *Ally Cat* are preempted by the FAA, the preemption will not affect our analysis.

Kindred Nursing Centers argues specifically that the circuit court erred in failing to apply the doctrine of estoppel to Louis's estate, as purportedly mandated by the FAA. Kindred Nursing Centers maintains that federal law requires a finding that the arbitration agreement was valid, either on the basis of the Cabinet's "ratification" of

---

**6.** We note again that Kindred Nursing Centers has not claimed that the order establishing Jerry as an emergency guardian provides the basis of actual authority or estoppel. Instead, the appellant maintains only that Jer-

ry's representation of authority—premised on the power of attorney document—induced it to enter into the admissions agreements. Our discussion is limited accordingly.

Jerry and Yvonne's execution of the agreement or on the basis of estoppel of Jerry. Although Kindred Nursing Centers urges us to "look to the federal substantive law of arbitrability to resolve this question[,]" [7] it identifies no such federal substantive law which would lead to a different result than we have already reached on state law grounds. We are not obligated to construct arguments where the appellant has presented none. *Hadley v. Citizen Deposit Bank,* 186 S.W.3d 754, 759 (Ky.App. 2005). We decline to do so here.

■ The appellant has turned to a number of federal cases in which various courts determined that state laws which are designed solely to limit the validity and enforceability of arbitration agreements are preempted by the FAA. Those same cases have also made clear that ordinary state law principles of contract, agency, and estoppel, which apply to all contracts, are not preempted and may still be employed to assess the validity of the agreement at issue. *See, e.g., Thomson–CSF, S.A. v. American Arbitration Ass'n,* 64 F.3d 773, 776 (2d Cir.1995). We have already determined that ratification, a principle of agency law, does not apply to the present scenario, and that Jerry cannot be estopped from denying his authority to execute the arbitration agreement. We turn now to Kindred Nursing Centers' argument that Louis's estate should be estopped from denying the validity of the agreement.

It is a plain and simple principle of agency law that an incompetent person cannot create an agency relationship. *See* 3 Am.Jur.2d *Agency* § 9 (2013). Louis was declared incompetent prior to his admission to the Harrodsburg Health Care Center, and his guardianship was never suspended or rescinded. He never took any action which bound him to an arbitra-

tion agreement prior to his incompetency, and Kindred Nursing Centers has articulated no principle of contract or agency which permitted any of his agents—Jerry, Yvonne, or the Cabinet—to bind him to the arbitration agreement, *i.e.,* to waive his constitutional right to a jury trial.

Furthermore, estoppel of the estate is not justified. We have previously stated it was plain from the face of the document that it conferred only very limited power upon Jerry. The estate cannot be estopped for the same reason: Harrodsburg Health Care Center, that is to say, Kindred Nursing Centers, was given the means of ascertaining the scope of authority Louis had granted and could not rely on it in good faith for purposes of executing the arbitration agreement.

The document was plainly invalid for another reason, as well. Any power of attorney which is not durable terminates with the principal's incapacity, provided the person holding the power of attorney is aware of said incapacity. KRS 386.093(4). To be a durable power of attorney, the document must include "words showing the intent of the principal that the authority conferred shall be exercisable notwithstanding the principal's subsequent disability or incapacity [and] notwithstanding the lapse of time since the execution of the instrument." KRS 386.093(1). Absent this language, the principal cannot be bound by the agent's actions. *See id.*

The parties agree that Louis's incapacity predated his admission to the Harrodsburg Health Care Center and that Jerry was aware of this incapacity. It is furthermore plain from the face of the "power of attorney" that there is no language of durability, and so it ended, if not before, upon Louis's incapacity. These facts were easi-

7. Appellant's brief, p. 22.

ly discernible to nursing home administrators. Estoppel of the estate was not warranted on ordinary grounds of equity.

## V. Conclusion

We affirm the October 12, 2011 order of the Mercer Circuit Court denying Kindred Nursing Centers' motion to compel arbitration for want of a valid arbitration agreement.

ALL CONCUR.