RENDERED: MARCH 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0260-MR

AARON JONES                                                    APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 14-CI-001407


RAY PINTER                                                      APPELLEE
D/B/A RAY PINTER
CONSTRUCTION


OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

GOODWINE, JUDGE: Aaron Jones appeals from the January 29, 2020 order of

the Jefferson Circuit Court granting Ray Pinter d/b/a Ray Pinter Construction's

motion to dismiss Jones' claims under CR[1] 41.02(1). After careful review, we

affirm.

---

[1] Kentucky Rules of Civil Procedure.

# BACKGROUND

In 2013, Jones fell from scaffolding while working on a construction project in Jefferson County, Kentucky. On March 11, 2014, Jones filed a complaint against Pinter alleging multiple violations of state and federal laws relating to occupational safety. Thereafter, Jones propounded interrogatories and requests for admissions and documents on Pinter. Jones also responded to Pinter's requests and interrogatories.

After a period of inactivity, on July 20, 2015, the trial court dismissed Jones' case without prejudice for want of prosecution under CR 77.02. Upon a motion by Jones, the trial court set aside the dismissal. After the case was reinstated, the parties deposed one another. The trial court entered an order scheduling the case for trial and setting out routine pretrial compliance dates.

Pinter filed a motion for summary judgment which the trial court denied on June 7, 2016. Pinter then timely appealed. This Court affirmed the trial court's denial of summary judgment on June 15, 2018, and the Kentucky Supreme Court denied Pinter's motion for discretionary review on December 5, 2018.[2] Soon thereafter, the trial court granted Jones' motion for a new trial date. Jones complied with the trial court's pretrial order by filing his disclosure of expert

---

[2] *Pinter v. Jones*, No. 2016-CA-000947-MR, 2018 WL 3006150 (Ky. App. Jun. 15, 2018).

witnesses, identification of lay witnesses, and disclosure of damages under CR 8.01. Pinter also deposed Jones for a second time.

The trial court's pretrial order required the parties to participate in mediation. On October 1, 2019, Jones failed to attend mediation and gave Pinter no prior notice of his intention not to appear. Pinter then filed a motion to compel mediation and requested Jones be required to pay Pinter's portion of the fees for the missed mediation. The trial court granted the motion. Jones appeared at mediation on October 30, 2019, but it was unsuccessful.

Pursuant to a notice filed by Pinter, Jones was scheduled for an independent medical examination ("IME") under CR 35.01 on November 1, 2019. He again failed to appear and gave Pinter no prior notice. Pinter moved for dismissal under CR 41.02(1). Jones responded, claiming his conduct was attributable to memory impairment caused by the injuries he sustained from the 2013 incident. He also requested to continue the trial. Pinter replied, arguing Jones had not previously raised memory impairment as an explanation for his dilatory actions.

The trial court heard Pinter's CR 41.02 motion on December 17, 2019. On January 29, 2020, the trial court granted the motion, dismissing Jones' claims with prejudice. The court found "that Jones unreasonably failed to

cooperate with Pinter's efforts to prepare a defense and that dismissal pursuant to CR 41.02 is therefore warranted." Record ("R.") at 439. This appeal followed.

## STANDARD OF REVIEW

A trial court has "broad discretion to determine whether dismissal for lack of prosecution is appropriate under the unique factual circumstances of each case," and we review dismissals under CR 41.02 for abuse of discretion. *Jaroszewski v. Flege*, 297 S.W.3d 24, 32 (Ky. 2009). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Wildcat Property Management, LLC v. Reuss*, 302 S.W.3d 89, 93 (Ky. App. 2009) (citation omitted).

## ANALYSIS

On appeal, Jones argues the trial court abused its discretion when it dismissed his claim under CR 41.02.

"For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him." CR 41.02(1). Motions to dismiss for lack of prosecution are "inherently fact-specific" and require consideration of the "totality of the circumstances[.]" *Jaroszewski*, 297 S.W.3d at 33. Trial courts must consider all relevant circumstances which may include the six factors listed in *Ward v. Housman*, 809 S.W.2d 717, 719 (Ky. App. 1991). *Id*. at 33. The *Ward* factors are

-4-

"1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith;[3] 4) meritoriousness of the claim; 5) prejudice to the other party[;] and 6) alternative sanctions." *Ward*, 809 S.W.2d at 719 (citation omitted).

Herein, the trial court analyzed each of the *Ward* factors. Jones alleges no other relevant circumstances which should have been considered by the court but contends the trial court erred in its analysis of some of the *Ward* factors. Specifically, Jones argues: (1) there is no history of dilatoriness attributable to him, (2) Pinter did not suffer substantial prejudice from the delay caused by Jones' actions, and (3) alternative sanctions should have been imposed by the trial court.

First, Jones alleges he had no history of dilatoriness in the case. He points to his participation in discovery and depositions, as well as his disclosure of witnesses and damages as evidence he prosecuted his claims. He also emphasizes his inability to prosecute his case from July 5, 2016, to December 5, 2018, due to Pinter's appeal of the trial court's denial of summary judgment.

"The law demands the exercise of due diligence by a litigant[.]" *Nolan v. Neeley-Thoms*, 290 S.W.3d 89, 92 (Ky. App. 2009) (citation omitted). The trial court did not base its dismissal of Jones' claims on the passage of time,

---

[3] "[I]t is appropriate for the trial court to address whether a party, in addition to counsel, has acted willfully and in bad faith[.]" *Jaroszewski*, 297 S.W.3d at 38.

but rather on his specific actions which show he was not diligently taking "steps to bring the action to a final judgment." *Id*. (citation omitted). Although the record is not completely devoid of actions taken by Jones to prosecute his claims, the trial court explicitly found he acted dilatorily based upon the prior dismissal of his claims under CR 77.02, as well as his failures to appear at mediation and the IME. Those actions are sufficient to support the trial court's finding and, as such, there was no abuse of discretion.

Next, Jones argues Pinter did not suffer substantial prejudice due to his failure to appear at the IME. The trial court found Pinter was prejudiced by Jones' failure to appear because "the additional passage of time after the missed IME is particularly significant given that Jones' alleged injury occurred almost seven years ago, thereby raising substantial concerns of fading memories and potential intervening causes of alleged physical issues." R. at 439.

Prosecution of one's claim "involves, not only preparing one's own case, but also reasonably cooperating with the opponent's active attempts to prepare its case[.]" *Jaroszewski*, 297 S.W.3d at 32. Furthermore, contrary to Jones' contention, the trial court was not required to find "substantial evidence of specified prejudice" to the defendant but rather "some evidence" of prejudice is sufficient. *Id.* at 40. Jones' multiple actions which delayed the proceedings, especially his failure to attend the IME, impeded Pinter's ability to prepare a

defense. On this basis, we cannot determine the trial court abused its discretion in finding Pinter was prejudiced by Jones' actions.

Finally, Jones argues the trial court should have imposed alternative sanctions for his failure to attend the IME. Jones claims he complied with the court's prior order to pay Pinter's portion of the fees for the cancelled mediation. Jones relies primarily on documents included as Exhibit 2 in the appendix of his brief to support his argument. We were unable to locate these documents in the trial court record and the copies attached to the brief are not paginated as items in the record. "We will not consider evidence the [trial] court had no opportunity to examine." *Kindred Nursing Centers Ltd. Partnership v. Leffew*, 398 S.W.3d 463, 468 n.5 (Ky. App. 2013); CR 76.12(4)(c)(vii).

The trial court clearly considered alternative sanctions, as evidenced by its prior dismissal of the case without prejudice, as well as the order compelling mediation and assessing fees against Jones. Despite having previously imposed less severe sanctions, the court found "alternative sanctions are not a reasonable means to address the conduct at issue" because it was unconvinced Jones would pay the previously ordered mediation fees or any additional fees for the IME. R. at 439. With no evidence in the record to contradict these findings, there was no abuse of discretion by the trial court.

The trial court considered all relevant circumstances and sufficiently set forth its reasoning for dismissing Jones' claims. Given the totality of the circumstances, we are persuaded the trial court did not abuse its discretion by dismissing Jones' claims for lack of prosecution under CR 41.02.

## CONCLUSION

For the foregoing reasons, the January 29, 2020 order of the Jefferson Circuit Court is affirmed.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

TAYLOR, JUDGE, DISSENTS WITHOUT WRITING SEPARATELY.

BRIEF FOR APPELLANT:

Patrick S. McElhone
Louisville, Kentucky

BRIEF FOR APPELLEE:

Valerie W. Herbert
Jennifer A. Peterson
Louisville, Kentucky