RENDERED: JULY 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1189-MR

PAULISA LEWIS                                                                                                APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 17-CI-005645


NORTON HOSPITALS, INC.                                                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND L. THOMPSON, JUDGES.

KRAMER, JUDGE: Paulisa Lewis, acting *pro se*, appeals from an order and judgment of the Jefferson Circuit Court summarily dismissing her claims of discrimination and retaliation against appellee, Norton Hospitals, Inc. We affirm.

## Factual and Procedural Background

Lewis began working for Norton in approximately April 2017 as a patient care associate (PCA). PCAs work under the direction of a licensed nurse

and perform various non-clinical tasks such as patient skin care, patient transportation, checking patient vital signs, and reporting any changes in patient condition. In June 2017, another employee asked Lewis to help her change a patient's dressing. Lewis responded that she would assist shortly but did not go to the patient's room for almost an hour. At that point, the other employee had completed the task by herself and became irate. A verbal altercation occurred between Lewis and the other employee. Nurse management became involved, and Lewis and the other employee were sent home for the day. All employees who witnessed the altercation submitted statements to the nurse manager. Although Lewis claimed she was "threatened," none of the employees who submitted statements indicated they heard any threats made toward Lewis.

A couple of days after the incident, two managers met with Lewis to explain that they had investigated the incident. They determined that although the other employee had raised her voice, she had not threatened Lewis. The statements from other employees also revealed several concerns about Lewis's general work performance that management addressed with her. Afterward, Lewis submitted a letter in which she stated she has "mental and learning disabilities, which I have had all my life, beginning when I was a child." She also said she felt that she was being discriminated against because of her disability even though she later admitted in deposition testimony that she had never disclosed a disability to

anyone at Norton prior to the letter. She did not identify what actions she felt were discriminatory.

Following receipt of Lewis's letter, management again met with Lewis, who recorded the conversation. During the meeting, Lewis stated that she did not think she could do the job of a PCA because she had difficulty with post-operative tasks and "keyboarding." It was explained to Lewis that she must be able to perform *all* of the essential functions of the PCA position. Because she could not perform those tasks by her own admission, she was being placed on job placement leave so that she could find a different position within Norton. Management reiterated to Lewis that placing her on leave did not mean she was being terminated and that they wanted to assist her in finding a position within Norton that she was capable of performing.

Another meeting was arranged with Lewis to address her employment transfer, to further discuss any restrictions due to her alleged disability, and to provide a questionnaire for her physician to complete regarding any medical restrictions. Lewis did not appear for the scheduled meeting and failed to return telephone calls. A letter and the physician questionnaire were sent to Lewis, but she failed to respond and failed to submit the completed questionnaire. As a result, Norton terminated her employment.

Lewis filed a complaint in the Jefferson Circuit Court alleging discrimination and retaliation. Although she had legal counsel file the complaint and propound discovery requests to Norton, counsel soon withdrew. Thereafter, Lewis was *pro se* throughout most of the proceedings.[1] After discovery was completed, Norton submitted a motion for summary judgment. The circuit court granted the motion and dismissed Lewis's claims. This appeal followed.

**Standard of Review**

When a trial court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved. *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure (CR) 56.03. The movant bears the initial burden of demonstrating that there is no genuine issue of material fact in dispute. The party

---

[1] A second attorney entered appearance for Lewis on February 27, 2020. Counsel appeared for a status conference on March 9, 2020, but on June 17, 2020, Lewis filed a *pro se* motion stating that she wished to represent herself. The parties appeared via telephone conference for Lewis's motion wherein she reiterated to the circuit court that she would be representing herself.

opposing the motion then has the burden to present, "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). A party responding to a properly supported summary judgment motion cannot merely rest on the allegations in his pleadings. *Continental Casualty Co. v. Belknap Hardware & Manufacturing Co.*, 281 S.W.2d 914 (Ky. 1955). "[S]peculation and supposition are insufficient to justify a submission of a case to the jury, and . . . the question should be taken from the jury when the evidence is so unsatisfactory as to require a resort to surmise and speculation." *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006) (citing *Chesapeake & Ohio Ry. Co. v. Yates*, 239 S.W.2d 953, 955 (Ky. 1951)).

On appeal, we must consider the evidence of record in the light most favorable to the non-movant (*i.e.*, Lewis) and must further consider whether the trial court correctly determined that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

**Analysis**

We must first point out that there are several substantive deficiencies in Lewis's brief. First, in contravention of CR 76.12(4)(c)(v), she does not have a preservation statement at the beginning of her argument, nor does she cite to the

record at any point. CR 76.12(4)(c)(iv) and (v), require ample references to the record and citation to authority supporting each argument. It is not the responsibility of this Court to search the record to find support for Lewis's arguments or where they are preserved, assuming such exists. *Smith v. Smith*, 235 S.W.3d 1 (Ky. App. 2006).

Second, Lewis's appendix contains documents and evidence not present in the record on appeal, nor considered by the circuit court in its order granting summary judgment. This Court cannot consider evidence that the circuit court had no opportunity to examine. *Kindred Nursing Ctrs. Ltd. P'ship v. Leffew*, 398 S.W.3d 463, 468 n.5 (Ky. App. 2013). Further, CR 76.12(4)(c)(vii) provides that any evidentiary material or documents not part of the record on appeal shall not be included in the appendix to a party's brief. CR 76.12(4)(d)(v) requires appellees to identify in their appendix index where the attached documents can be found in the record on appeal.[2]

---

[2] Lewis includes "Plaintiff's Response to Defendant's Summary Judgment" in her appendix. It appears to have been filed stamped by the Jefferson Circuit Court on February 12, 2020, but is not part of the record on appeal. In its reply filed in the circuit court on March 2, 2020, Norton notes that in her response, Lewis "attached two reports (one from 2006 and one from 2017) that provide conflicting information about her alleged learning and emotional disabilities." However, because neither Lewis's response nor the attachments referenced by Norton appear in the record before us, it is unclear if the circuit court considered either in its order granting summary judgment. We note that the circuit court's order begins by stating that Lewis "has filed a cursory statement as a response[,]" to Norton's motion for summary judgment. This could *possibly* reference one of Lewis's numerous *pro se* motions contained in the record, although this Court has no way of knowing. In the appendix to her brief to this Court, Lewis also includes a report from 2006, apparently completed for the purpose of disability determination. This report also does not appear in the record before us, and it is again unclear if it is the same report referenced

Our options when an appellant fails to abide by the rules are: (1) to ignore the deficiencies and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only. *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). In this instance, we review for manifest injustice only and, accordingly, find none.

Pursuant to KRS[3] 344.040(1)(a), in relevant part, it is illegal for any employer

> [t]o fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability[.]

KRS 344.010(4) defines "disability" as

> (a) A physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual;
> (b) A record of such an impairment; or
> (c) Being regarded as having such an impairment.

---

by Norton. "Matters not disclosed by the record cannot be considered on appeal." *Hatfield v. Commonwealth*, 250 S.W.3d 590, 600 (Ky. 2008) (internal quotation marks and citation omitted).

[3] Kentucky Revised Statute.

In establishing a discrimination case, a plaintiff must satisfy the burden-shifting test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Here, Lewis bore the initial burden of establishing a *prima facie* case of disability discrimination against Norton. To that end, Lewis needed to establish that: (1) she has a disability as defined under the Kentucky Civil Rights Act (*i.e.*, KRS Chapter 344); (2) she was otherwise qualified to perform the requirements of the job, with or without reasonable accommodation; and (3) she suffered an adverse employment decision because of the disability. *Hallahan*, 138 S.W.3d at 706-07 (citations omitted).

We agree with the circuit court that Lewis did not meet her burden of proof because she did not establish she has a disability as defined under the Kentucky Civil Rights Act. She did not respond to Norton's request for medical information from a physician about her disability and possible accommodations. Instead, Lewis submitted only a letter claiming vague "mental and learning disabilities." This had not been disclosed to Norton prior to the incident in June 2017, and Lewis refused to provide any further information regarding her alleged disability; hence, none appears in the record before us. Lewis cannot meet the most basic element of a *prima facie* case of discrimination. Accordingly, no further analysis of this claim is required.

Next, we also agree with the circuit court that Lewis failed to establish a claim of retaliation. KRS 344.280(1) makes it unlawful for an employer

> [t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter[.]

Lewis once again had the burden of establishing a *prima facie* case of retaliation.

> A *prima facie* case of retaliation requires a plaintiff to demonstrate (1) that plaintiff engaged in an activity protected by [the Kentucky Civil Rights Act]; (2) that the exercise of his civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action.

*Brooks v. Lexington-Fayette Urban Cty. Housing Authority*, 132 S.W.3d 790, 803 (Ky. 2004) (internal quotation marks and citation omitted). The circuit court held that because Lewis failed to establish she has a disability, she could not therefore establish she was retaliated against because of it. We agree, but also add that Lewis failed to identify which protected activity she was engaged in pursuant to KRS 344.280(1) when the alleged retaliation occurred. The record before us

reveals only that she made vague accusations of discrimination to Norton prior to her termination.[4]

Accordingly, we discern no manifest injustice. The judgment and order of the Jefferson Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Paulisa Lewis, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

Donna King Perry
Matthew Barszcz
Aaron Vance
Louisville, Kentucky

---

[4] In the recording of the meeting between Lewis and management after the June incident, Lewis states that she *felt* she was being discriminated against, but stated she was not accusing Norton of discriminating against her.