DEPARTMENT OF REVENUE, COMMONWEALTH of Kentucky, Movant,

v.

ESTATE OF Joseph C. HOFGESANG, Deceased; Ben Hardy, Executor, Respondent.

Supreme Court of Kentucky.

Feb. 16, 1982.

Robert G. Bardin, Legal Division, Dept. of Revenue, Frankfort, for movant.

Ben B. Hardy, Hardy & Hardy, Louisville, for respondent.

STEPHENSON, Justice.

The question presented in this case is whether a party appealing to circuit court from a final order of the Kentucky Board of Tax Appeals pursuant to KRS 131.370 has the duty to prosecute the action.

Respondent appealed to the circuit court from a final order of the Kentucky Board of Tax Appeals in accordance with KRS 131.370. No steps were taken in the case for a period of fifteen months and the movant filed motion to dismiss for failure to prosecute as provided for in CR 41.02. The

trial court dismissed. The Court of Appeals reversed and remanded. We granted discretionary review and affirm the decision of the Court of Appeals.

▇▇▇ The provisions of KRS 131.370(2) and (3) precipitated the controversy here.

The pertinent portion of KRS 131.370(2) provides:

" . . . The appeal shall be docketed· by the circuit court clerk upon the filing of the statement of appeal and the Kentucky Board of Tax Appeals' certified record."

KRS 131.370(3) provides in part:

"No new or additional evidence may be introduced in the circuit court except as to the fraud or misconduct of some person engaged in the administration of the revenue laws and affecting the order, ruling or award, but the court shall otherwise hear the cause upon the record as certified by the board and shall dispose of the cause in summary manner . . . ."

Thus the statute provides for the appeal, has the appeal docketed and stops there. Respondent argues there is no provision for any steps to be taken by the party appealing once the statement of appeal and record are filed in the circuit court.

This has not been a problem with appeals from administrative agencies to circuit court, and ordinarily it would appear to us that the aggrieved party prosecuting the appeal should have the duty to proceed in circuit court. This is the argument of movant. However, inasmuch as there is no specific procedural step required after the appeal is filed, we are not disposed to penalize the respondent in this case.

The difficulty is created for the reason that the circuit court is primarily a trial court and exercises appellate jurisdiction only in relatively few instances. The Civil Rules of Procedure make provisions that place on the plaintiff the duty to prosecute any action filed in circuit court. CR 41.02. We are of the opinion that the party appealing, as here, from a final decision of an administrative agency, or otherwise, shall henceforth be regarded in the same light as a plaintiff in having the duty to take steps to bring the case to trial and judgment, or have the cause dismissed for failure to prosecute. CR 41.02.

The circuit court is primarily a trial court, with the mechanism of the Civil Rules to dictate the duty of a plaintiff to prosecute. We can understand why a busy trial court would not ordinarily be cognizant of causes put on the docket by appeal. We do not fault the trial court for filling this gap in procedure by the common sense approach that an appellant from an order of an administrative agency has the same duty to prosecute as a plaintiff. For the reason that respondent is technically correct in his argument, we are not disposed to penalize him in this case but give the rule announced here prospective effect.

The decision of the Court of Appeals is affirmed.

PALMORE, C. J., and AKER, CLAYTON, STEPHENS, STEPHENSON and STERNBERG, JJ., concur.