**Joseph MULLINS, Appellant,**

v.

**REDFORD TOWNSHIP; Police Officer Brian Greenstein; Police Officer John Doe (Unknown); West Bloomfield Township; and Police Officer Todd Metcalf, Appellees.**

No. 2008–CA–001818–MR.

Court of Appeals of Kentucky.

Sept. 25, 2009.

Joseph Mullins, McRoberts, KY, Livonia, MI, pro se.

Melissa A. Wilson, Lexington, KY, for appellees.

Before CLAYTON and THOMPSON, JUDGES; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge (Assigned).

Appellant, Joseph Mullins, *pro se,* appeals from a judgment of the Letcher Circuit Court dismissing his claims against Redford Township and West Bloomfield Township in Michigan and certain police officers employed by each. Appellant asserts that police officers from these two Michigan Townships traveled to his home in Letcher County, Kentucky, arrested him, and forcibly transported him to Michigan where he was incarcerated for two weeks. As a result, Appellant filed a civil action in the Letcher Circuit Court where he presented various theories of recovery including conspiracy to commit kidnapping, assault, battery, false imprisonment, false arrest, trespassing, and violation of his civil rights under the Fourteenth Amendment.

It appears that Appellant has a residence in Michigan and that he operates an insurance business there. This is Appellant's connection with Michigan and its authorities. However, prior to the incident at issue, Appellant asserts that he and his fiancé, and another friend, left Michigan and returned to his family home in Letcher County.

The Michigan authorities agree that Appellant was arrested, but contend that he was arrested at his Michigan residence. The arrest appears to have stemmed from Appellant's failure to comply with a material witness warrant in Michigan. The Michigan authorities further dispute that the police officers named as defendants in this action are the same officers who actually arrested Appellant.

Although the pleadings are replete with bizarre factual disputes, the foregoing abbreviated summary provides the necessary backdrop to address the very narrow legal issue presented in this appeal. Specifically, Appellant identified certain individuals who claim to have witnessed his Kentucky arrest by Michigan police officers. These individuals signed affidavits attesting to their version of events on the date of the arrest.

Although Appellant was initially represented by counsel, shortly after suit was filed counsel for both parties submitted an agreed order to the court. The order permitted Appellant's counsel to withdraw but in that very order, departing counsel agreed to establishment of certain scheduling deadlines. Disputes over performance of paragraph four of the agreed order are central to the current controversy. The order provides:

> The Defendants shall have until March 1, 2008 to complete the depositions of the Plaintiff Joseph Mullins and of any of Plaintiff's fact witnesses. The Plaintiff shall make his witnesses including Jessica Riddle, Sarah Nealy Rushing, Sue Marsillette and John Kozlowski,

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

available for completion of their depositions before or on March 1, 2008 at the law firm of Clark & Ward in Lexington, Kentucky.

Despite an extension of the March 1, 2008, deadline, Appellant's deposition was not taken until March 5, 2008, and the named witnesses had not been deposed as of August 2008, when Appellees moved to dismiss the case under Kentucky Rules of Civil Procedure (CR) 41.02.

CR 41.02(1) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him." Appellees argued that Appellant failed to comply with both the initial order and the extended order to produce his witnesses for depositions. After a hearing, the trial court entered an order dismissing the case with prejudice. Appellant sought to have the judgment vacated but the trial court denied the motion. This appeal followed.

■ In this Court, Appellant asserts that the trial court's dismissal was improper. Both parties claim that the failure to depose the named witnesses was the result of a lack of cooperation on the other's part. While Appellees sent letters to Appellant inviting him to provide convenient dates for the taking of the depositions, only once was a deposition of one of the named witnesses noticed. On that occasion, Appellees were advised that the witness could not attend due to illness. On one other occasion, Appellant offered a date, but Appellees could not accommodate him on short notice and during a holiday weekend. Appellees contend that Appellant engaged in devious behavior by repeatedly calling their office and hanging up for the purpose of creating telephone records that he could use to argue to the court that he had attempted to schedule the depositions.

The Rules of Civil Procedure establish the procedure for taking depositions and provide remedies to litigants when a party or a witness is uncooperative. Specifically, CR 30.02 provides that "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." Further, CR 30.01 provides that a witness's attendance may be compelled by subpoena as provided in CR 45. These Rules and established procedures for taking depositions are not unfamiliar to members of the bar. Courtesy between and among attorneys and witnesses is desirable but when a witness or an opposing party is recalcitrant, the proper approach is notice and subpoena.

■ Appellant claims that he should not be sanctioned for failure to comply with the scheduling order, the nature of which was vague and incapable of unilateral performance. Notwithstanding the agreed scheduling order, we doubt whether Appellant or any litigant could guarantee the court that a non-party witness would appear at a certain place and time for his or her deposition. But in any event and assuming that sanctions were appropriate, Appellant argues that sanctions less than dismissal should have been imposed. He aptly points out that before the ultimate sanction of dismissal may be imposed, the trial court must consider the factors enumerated in *Ward v. Housman*, 809 S.W.2d 717 (Ky.App.1991), and make findings that dismissal is warranted in light of those factors. Appellees contend that the trial court's consideration of those factors may be inferred because Appellees' memorandum and argument to the court in support of their motion contained an appropriate analysis of each factor as applied to this case. Nonetheless, Appellees concede that the trial court's order does not mention

*Ward,* nor does it contain any findings of fact or legal analysis.

This Court has held that "the involuntary dismissal of a case with prejudice 'should be resorted to only in the most extreme cases' and a reviewing court must 'carefully scrutinize the trial court's exercise of discretion in doing so.'" *Manning v. Wilkinson,* 264 S.W.3d 620, 624 (Ky. App.2007), quoting *Polk v. Wimsatt,* 689 S.W.2d 363, 364–65 (Ky.App.1985). Moreover, "[t]he responsibility to make such findings as are set forth in *Ward* before dismissing a case with prejudice falls solely upon the trial court." *Id.* quoting *Toler v. Rapid American,* 190 S.W.3d 348, 351 (Ky.App.2006). As such, we cannot accept Appellees' invitation to presume that the trial court duly considered the *Ward* factors, nor can we meaningfully review the trial court's decision without benefit of findings and analysis of the controlling factors.

Accordingly, we reverse the trial court's order of dismissal and remand this cause for further consistent proceedings.

ALL CONCUR.