RENDERED: APRIL 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0353-MR

JACQUELINE HOLLINGSWORTH                                           APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE BARRY WILLETT, JUDGE
ACTION NO. 15-CI-000827


CONSOLIDATED LOCAL GOVERNMENT
POLICE FORCE MERIT BOARD
A/K/A LOUISVILLE METRO POLICE
MERIT BOARD; AND CHIEF STEVE CONRAD                    APPELLEES


OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE: Jacqueline Hollingsworth (Hollingsworth) appeals from a

decision of the Jefferson Circuit Court dismissing her complaint for judicial review

of the Louisville Metro Police Merit Board's (Merit Board) decision upholding her termination as a police officer.

Hollingsworth sought review in the Jefferson Circuit Court as permitted by KRS[1] 67C.323(3)(a). However, based upon her failure to comply with the circuit court's order requiring her to either produce a transcript of the Merit Board's proceedings or to indicate her intention to go forward without a transcript, an order of dismissal was entered. After reviewing the circuit court record, the circuit court's order, and the briefs of the parties, we reverse and remand the matter based on the circuit court's failure to make required findings.

## FACTS

On January 16, 2006, the Professional Standards Unit (PSU) of the Louisville Metro Police Department (LMPD) initiated an investigation of Officer Hollingsworth in connection with funds obtained from the Louisville Black Police Officers Organization. As a result of that investigation, Chief Robert C. White (Chief White), by letter, suspended her for twenty days for multiple violations of LMPD's Standard Operating Procedures (SOP). However, on December 6, 2010 that letter was withdrawn in order for Chief White to consider the results of an additional PSU investigation. Based upon the results of those two investigations,

---

[1] Kentucky Revised Statutes.

-2-

on December 17, 2010, Chief White sent a letter advising Hollingsworth of her termination.

On December 21, 2010, she filed an appeal with the Merit Board pursuant to KRS 67C.323. The Merit Board conducted a seven day trial-type hearing at which Hollingsworth was represented by counsel with the opportunity to cross-examine witnesses and to present witnesses on her own behalf. At the conclusion of the proceedings, the Merit Board unanimously voted to uphold Chief White's decision to terminate her. However, because of the mistaken belief that the record of those proceedings had been destroyed by flooding, the Merit Board's findings of fact and conclusions of law were not issued until April 25, 2015.

Meanwhile, on February 20, 2015, Hollingsworth filed an action in the Jefferson Circuit Court pursuant to 42 U.S.C.[2] § 1983, based upon the Merit Board's failure to produce a record for judicial review. However, following the filing of the Merit Board's findings of fact and conclusions of law, she amended her complaint to one for judicial review pursuant to KRS 67C.323(3)(a). On September 1, 2016, the record of proceedings before the Merit Board was certified to the circuit court.

Hollingsworth then alleged that she was unable to afford a transcript for the court's review. She filed a motion for *in forma pauperis* status which was heard on January 31, 2017. On May 19, 2017, the circuit court entered an order

---

[2] United States Code.

indicating that, although Hollingsworth was clearly a "poor person" and therefore entitled to *in forma pauperis* relief, the court was without the authority to order a third-party court reporter to produce a transcript without compensation. The court concluded that her only options were to pay for the preparation of a transcript or to elect to proceed without one. The court specifically directed her to notify the court of her decision within thirty days. She failed to so advise the court.

The Merit Board then filed its motion to dismiss for failure to prosecute pursuant to CR[3] 41.02. The issue was fully briefed by the parties and heard by the court on February 25, 2021. On February 26, 2021, the court entered its order of dismissal and Hollingsworth filed the within appeal pursuant to KRS 67C.323(3)(b).

## STANDARD OF REVIEW

The circuit court examines the decision of the Merit Board for "arbitrariness," considering whether the action is beyond its powers, whether due process has been granted, and whether there was substantial evidence to support the decision. *Am. Beauty Homes Corp., v. Louisville & Jefferson Cty. Plan. & Zoning Comm'n*, 379 S.W.2d 450, 456 (Ky. 1964). However, this Court's review seeks only to determine whether the circuit court's decision to dismiss Hollingsworth's cause of action for judicial review for failure to prosecute was an abuse of discretion. *Jaroszewski v. Flege*, 297 S.W.3d 24 (Ky. 2009).

---

[3] Kentucky Rules of Civil Procedure.

# ANALYSIS

In *Brady v. Pettit*, 586 S.W.2d 29, 33 (Ky. 1979), the Court concluded that "the discharged employee has the obligation of producing the transcript of evidence of the proceeding before the administrative board." It further held that "review of the transcript of evidence in circuit court is a corollary to the burden of proof which has shifted to the discharged employee." *Id*. The Court specifically applied the requirement that a discharged employee must furnish a copy of the transcript before the administrative body to appeals from the Police Merit Board in *Crouch v. Jefferson County, Kentucky Police Merit Board*, 773 S.W.2d 461 (Ky. 1988), finding that a circuit court could not examine the Merit Board's decision for arbitrariness without the transcript. Indeed, the Court stated that "[n]o other evidence is to be admitted on appeal." *Id*. at 464. As applied to the case at bar, it is clear that the circuit court acted well within its authority in directing Hollingsworth to either pay for the transcript or proceed without it. Thus, it properly rejected her offer to proceed with an audio recording of the Merit Board proceeding, since the transcript is the only evidence which the circuit court may consider in determining arbitrariness.

CR 41.02(1) provides that an action may be dismissed for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court[.]" CR 41.02(3) provides that an order of dismissal under this rule "operates as an

adjudication upon the merits." Clearly, the circuit court's order dismissing in this case could have been founded either on her failure to produce a transcript to aid the court in its judicial review, or her failure to comply with the court's order requiring her to advise it how she wished to proceed with the action.

The appellate courts have spent decades in refining their interpretation of CR 41.02. This Court will commence its analysis with *Department of Revenue v. Estate of Hofgesang*, 627 S.W.2d 579 (Ky. 1982), dealing with an appeal from a decision of an administrative agency to the circuit court. After a fifteen-month delay, the agency moved the court to dismiss the appeal for failure to prosecute. That motion was granted, and the circuit court's decision was appealed to the Court of Appeals, where it was reversed and remanded. However, the Supreme Court granted discretionary review.

The Court noted that there was no "specific procedural step" required for an aggrieved party to proceed in circuit court after an appeal is filed. However, the Court concluded that CR 41.02 imposed such a requirement and concluded that "the party appealing, as here, from a final decision of an administrative agency, or otherwise, shall henceforth be regarded in the same light as a plaintiff in having the duty to take steps to bring the case to trial and judgment, or have the cause dismissed for failure to prosecute." *Id*. at 580. Thus, while the Court found the agency's argument to be "technically correct[,]" it affirmed the Court of Appeals

decision reversing the circuit court's dismissal, opting instead to "give the rule announced here prospective effect." *Id*.

Both Hollingsworth and the Merit Board have addressed the case of *Ward v. Housman*, 809 S.W.2d 717 (Ky. App. 1991). Although in that case the circuit court entered a summary judgment as sanction for failure to make timely disclosure of experts as provided in its pretrial order, the Court of Appeals concluded that the dismissal was actually one under CR 41.02. The Court held that "[i]n ruling on a motion for involuntary dismissal, the trial court must take care in analyzing the circumstances and must justify the extreme action of depriving the parties of their trial." *Id*. at 719. The Court then adopted the factors to be used as indictive of such justification as set forth in *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984). Those factors were:

> 1) the extent of the party's personal responsibility;
>
> 2) the history of dilatoriness;
>
> 3) whether the attorney's conduct was willful and in bad faith;
>
> 4) meritoriousness of the claim;
>
> 5) prejudice to the other party; and
>
> 6) alternative sanctions.

*Id*. at 875-78. The Court then reversed the circuit court's summary judgment and remanded the matter for a consideration of the availability of other sanctions.

In *Toler v. Rapid American*, 190 S.W.3d 348, 351 (Ky. App. 2006), the Court noted that:

> The rule permitting a court to involuntarily dismiss an action "envisions a consciousness and intentional failure to comply with the provisions thereof." *Baltimore & Ohio Railroad Co. v. Carrier*, 426 S.W.2d 938, 940 (Ky. 1968). Since the result is harsh, "the propriety of the invocation of the Rule must be examined in regard to the conduct of the party against whom it is invoked." *Id*. at 941. Moreover, it is incumbent on the trial court to consider each case "in light of the particular circumstances involved; length of time alone is not the test of diligence." *Gill v. Gill*, 455 S.W.2d 545, 546 (Ky. 1970). In addition, the court should determine whether less drastic measures would remedy the situation, especially where there is no prejudice to the party requesting dismissal. *See Polk* [*v. Wimsatt*, 689 S.W.2d 363, 364-65 (Ky. App. 1985).]

The Court then endorsed the application of the *Ward* factors. However, it concluded that the trial court must make "findings" as to those factors. *See also Stapleton v. Shower*, 251 S.W.3d 341 (Ky. App. 2008).

However, in *Jaroszewski*, 297 S.W.3d at 32, the Supreme Court re-examined the considerations that the trial court must undertake with reference to dismissals for want of prosecution. The Court noted that:

> There is no absolute right to dismissal for a plaintiff's failure to prosecute and no exact rule can be laid down as to when a court is justified in dismissing a case for the plaintiff's failure to prosecute or for delay in prosecuting his or her action; each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal.

-8-

*Id*. (quoting 24 AM. JUR. 2d *Dismissal, Discontinuance and Nonsuit* § 63 (2009)).

The Court recognized that "these necessarily fact-specific determinations are left to the sound discretion of the trial court; and reversal of these determinations is warranted only where the trial court has abused its discretion." *Id*. However, the Court cautioned against "a formulaic approach where certain listed factors must always be discussed, and other relevant factors may not be discussed." *Id*. at 33. The Court recommended instead the adoption of a "totality of circumstances" approach. The Court concluded instead that "the propriety of the trial court's ruling does not necessarily hinge on its discussing the six particular factors listed in *Ward.*" *Id*. Indeed, the Court went so far as to hold that, "to the extent that other cases have held or suggested that all factors listed in *Ward* must always be fully discussed in all orders dismissing cases for lack of prosecution under CR 41.02, those cases are overruled." *Id*. at 35.

On October 29, 2020, LMPD and its chief of police filed their motion to dismiss pursuant to CR 41.02 based upon Hollingsworth's failure to act on the circuit court's order of May 19, 2017. On January 4, 2021, Hollingsworth filed her response. Thereafter, on February 25, 2021, the court heard oral arguments. This Court has reviewed the circuit court record and notes that both sides cited *Ward*, *supra*, and made arguments as to the applicability of the factors to the facts herein.

However, rather than making any findings or rulings on the record, the circuit court took the matter under submission.

The following day, the circuit court signed the proposed order tendered by the defendants, re-styling it with a handwritten notation characterizing it "Order of Dismissal." It is a single-paragraph order stating simply "IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss for Failure to Prosecute is GRANTED. The Plaintiff's Complaint is DISMISSED WITH PREJUDICE." It is followed by a second handwritten notation designating the order as "final and appealable[.]" Thus, no findings were made which would shed any light on whether the circuit court's decision was made pursuant to *Ward*, *supra*, or to any other factors which might be considered under the "totality of circumstances" approach recommended in *Jaroszewski*, *supra.* While it is tempting to assume that since the circuit court heard arguments regarding the factors, it must have considered them and found the defendants' arguments more persuasive, this Court is unable to do so.

In *Mullins v. Redford Township*, 297 S.W.3d 66 (Ky. App. 2009), upon motion of the Township pursuant to CR 41.02, the trial court dismissed Mullins' claims with prejudice based upon his failure to timely comply with the court's scheduling order. On appeal, Mullins argued that the trial court abused its discretion by failing to consider the *Ward* factors and to make findings

accordingly. The Township argued that "the trial court's consideration of those factors may be inferred because Appellees' memorandum and argument to the court in support of their motion contained an appropriate analysis of each factor as applied to this case." *Id*. at 68. This Court, relying on *Manning v. Wilkinson*, 264 S.W.3d 620, 624 (Ky. App. 2007) (quoting *Toler*, 190 S.W.3d at 351), noted that it is the trial court's sole responsibility to make such findings. "As such, we cannot accept Appellees' invitation to presume that the trial court duly considered the *Ward* factors, nor can we meaningfully review the trial court's decision without benefit of findings and analysis of the controlling factors." *Mullins*, 297 S.W.3d at 69.

Hollingsworth's complaint was converted to a petition for judicial review by the filing of her amended complaint on June 1, 2015. At that time, she was represented by counsel who should have advised her that she had an obligation to provide the circuit court with a transcript in order to meet her burden of proof on judicial review. However, she took no action. The circuit court then, by its order of May 19, 2017, directed her to either pay for and produce a transcript or advise the court of her intent to proceed without a transcript. At that time, she was still represented by counsel, who should have advised her of her obligation to comply with the court's order. Nevertheless, she took no action. On October 29, 2020, LMPD and the chief of police filed their motion to dismiss. As is clear from the

-11-

response filed by counsel, Hollingsworth still had legal representation. Yet, she still took neither action as directed by the circuit court's order. These facts were all known to the court at the time it entered its order of dismissal on February 26, 2021. However, even though there appear to be more than adequate reasons to support its order, the court failed to make the findings required as provided in the foregoing authorities.

As this Court is constrained to follow the law, we reverse the circuit court's order of dismissal and remand the matter for a thorough application of a "totality of circumstances" analysis and appropriate findings.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jacqueline Hollingsworth, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mitchel T. Denham
Erin M. Shaughnessy
Louisville, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE METRO POLICE
MERIT BOARD:

Mark W. Dobbins
Kathleen M.W. Schoen
Louisville, Kentucky